## In re J. P. LINAHAN, Inc.
### No. 335.

Circuit Court of Appeals, Second Circuit.
May 6, 1940.

Weinstein & Levinson, of New York City (Frank Weinstein and Samuel J. Levinson, both of New York City, of counsel) for appellant.

Raymond J. Scully, of New York City, Edward Robinson, Jr., of Oyster Bay, N. Y., and Hilbert I. Trachman and Trachman & Krosner, all of New York City, for appellees.

Before SWAN, CHASE and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether the district court in a proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was right in denying a stockholder's motion for leave to hold an annual meeting of the stockholders of the debtor for election of directors and in also granting a stay of a special meeting of stockholders.

A petition for reorganization of J. P. Linahan, Inc., was filed by three creditors. It was averred that the debtor was insolvent or unable to pay debts as they matured, that it had committed an act of bankruptcy, and that adequate relief could not be obtained under Chapter XI, 11 U.S.C.A. § 701 et seq. A number of reasons were given why relief under Chapter XI was deemed inadequate. The debtor filed answer admitting inability to pay debts as they matured and consenting to the creditors' petition. The answer was signed by the president of the debtor and was authorized by resolution of the board of directors. On the petition and answer the court approved the petition and directed that the debtor continue in possession. A few days later the appellant, holder of a majority of the stock and also a creditor of the debtor, filed an answer in opposition, denying insolvency and act of bankruptcy and charging that the petition was not filed in good faith, in that adequate relief could be obtained under Chapter XI. The appellant conceded that the debtor was unable to pay debts as they matured. The issues raised by this answer were referred to one of the referees in bankruptcy. The general controversy was whether the debtor should be reorganized under Chapter X or should offer an arrangement under Chapter XI. The petitioning creditors and the debtor's management favored Chapter X. The appellant, majority stockholder, favored Chapter XI.

The appellant asked the court for leave to hold the regular annual meeting of stockholders, in order that directors might be elected. The meeting had been adjourned to a date a few days in advance. The appellant made reference to section 191, 11 U.S.C.A. § 591, to the effect that no person shall become an officer or director of the debtor without prior approval of the court, and alleged that she owned a majority of the stock, that the directors had not acted in the interests of the debtor or the stockholders in consenting to the proceeding under Chapter X, and that she wished to vote for directors who would safeguard the interests of stockholders. The motion met with opposition from the petitioning creditors and from the debtor.

While the matter was being entertained by the referee, the appellant sent out a call for a special meeting of stockholders for the purpose of adopting a resolution. The suggested resolution was to the effect that a proceeding under Chapter XI should be filed by the debtor, that the proceeding under Chapter X should be resisted, and that the board of directors should take appropriate action. The petitioning creditors moved that the proposed special meeting be stayed. The referee denied permission to hold the annual meeting for election of directors, with leave to renew after final approval or dismissal of the petition under Chapter X. He granted a stay of the special meeting until final approval or dismissal of the petition. The district court affirmed both orders.

It was the view of the referee and of the district judge that the purpose of the proposed meetings of stockholders was to have the debtor resist the proceeding under Chapter X and press for a proceeding under Chapter XI, and that the holding of such meetings while the court was trying the issues raised by the petition and answers in the proceeding under Chapter X would defeat or impair the jurisdiction of the court. It is plain enough that the purpose of the appellant as majority stockholder was to have the debtor make efforts both to resist reorganization under Chapter X and to initiate an arrangement under Chapter XI. But it does not follow that the holding of stockholders' meetings should have been frustrated by the court.

Section 191 of the Bankruptcy Act, 11 U.S.C.A. § 591, is applicable to proceedings under Chapter X. It reads: "A trustee or debtor in possession may employ officers of the debtor at rates of compensation to be approved by the court. No person shall become an officer or director of the debtor, to fill a vacancy or otherwise, without the prior approval of the court." We may pass the question whether the statute empowers the court in any event to take action before an election of directors is held and the names of persons elected are presented to it for approval. The procedure in ordinary course would be for the

stockholders to elect persons to serve as directors, provided the court approved of them; not until approval was obtained would the persons so elected "become" directors. In many cases the names of prospective directors are not known prior to the stockholders' meeting, and no approval by the court in advance of the meeting is feasible. However that may be, the power reposed in the court by section 191 did not justify the denial of leave to hold the annual meeting for election of new directors in the present case.

The limitation which the statute places on the right to choose officers and directors by usual corporate action is primarily to safeguard the administration of the debtor's property in custody of the court. It is the court's concern that the management of the business does not pass into the hands of incompetent or untrustworthy persons. The debtor has other parts to pay, however, in a proceeding for reorganization or for arrangement, parts not directly concerned with management of the property during the period of court control, such as submission to involuntary proceeding and filing of plan, and over these the court ordinarily exercises no restraint. As to such matters the right of the majority of stockholders to be represented by directors of their own choice and thus to control corporate policy is paramount and will not be disturbed unless a clear case of abuse is made out. This has been the rule all along in equity receivership, in ordinary bankruptcy and in proceedings for reorganization under former section 77B of the Bankruptcy Act, 11 U. S.C.A. § 207, where the corporate property was in control of receivers or trustees. Taylor v. Philadelphia & Reading R. Co., C.C., 7 F. 381; In re O'Gara Coal Co., 7 Cir., 260 F. 742; In re Bush Terminal Co., 2 Cir., 78 F.2d 662; see also Lehigh Coal & Navigation Co. v. Central R. Co., 35 N. J.Eq. 349; State v. Merchant, 37 Ohio St. 251. We think that section 191 changed the rule only to the extent that with the corporate property left with the debtor as a sort of trustee or receiver the court now has power to veto the selection of officers and directors to the end that the property may be safely and effectively managed. In the present case the factional dispute did not touch the management of the corporate business. The appellant did not propose to disturb the operating officers of the company. The controversy had to do with the type of reorganization to which the corporation should submit. On an issue of that kind the stockholders are entitled to elect directors who will abide by their wishes, provided of course the directors chosen are not persons who will injure the honest and efficient management of the corporate property. See In re Bush Terminal Co., supra; Finletter on Bankruptcy Reorganization, page 194.

It is a misconception to say that election of directors in regular course would defeat or impair the jurisdiction of the court. The appellant's design was that the debtor, under a new board, should ask leave to interpose an amended answer to the involuntary petition, and should make an effort by application to the court to have the case transferred from Chapter X to Chapter XI. The relief which the appellant desired the debtor to ask for was in the very court which was entertaining the proceeding. Such action on the debtor's part would be in submission to the jurisdiction, not in defiance of it.

We are of opinion that it was likewise error to stay the special meeting of the stockholders called by the appellant. The announced purpose of the meeting was to adopt a resolution directed to the present board. There is nothing in section 191 which gives the court authority to forbid a special meeting of this character. And the adoption of the suggested resolution, for reasons already discussed, would not impair the jurisdiction of the court.

It may be that the ultimate merits are with the petitioning creditors and that the debtor should be reorganized under Chapter X. Those matters are not before us. We say nothing as to whether the court should permit the filing of an amended answer by the debtor in case an amended answer should be tendered. It was error to refuse leave to hold the annual meeting of stockholders for election of directors and to stay the special meeting of stockholders. The order appealed from is reversed, with costs in this court to the appellant.