In re PLANKINTON BLDG. CO.

HARVEY et al. v. PLANKINTON BLDG. CO. et al.

No. 8281.

Circuit Court of Appeals, Seventh Circuit.
Oct. 27, 1943.

See, also, D.C., 40 F.Supp. 517; D.C., 46 F.Supp. 697; 133 F.2d 900; 135 F.2d 273.

Harvey C. Hartwig and E. C. Pommerening, both of Milwaukee, Wis., for appellants.

Herbert C. Hirschboeck, of Milwaukee, Wis., Colby Stilson, of New York City, and Bernard V. Brady, of Milwaukee, Wis., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioners, stockholders of a corporate debtor in process of reorganization, appeal from an order denying their petition that the court direct the secretary of the debtor "to send the requisite notice to all of the stockholders" * * * "for the holding of a stockholders' meeting," charging that the refusal was an abuse of discretion and contrary to law.

The record discloses, in this proceeding for a second reorganization of the debtor, extended controversy, sometimes acrimonious, between parties of variant interest in the corporation, ever since completion of the first reorganization; community of interest between petitioners and their father as stockholders; misleading representations on the part of some of the Harveys in solicitation of proxies for voting and continued dispute as to whether a fair stockholders' meeting was possible or probable.

" In pursuance of permission by the court, a meeting had been called previously. No quorum appeared. The session was adjourned until a later date, when, again, a quorum was lacking. Finally, at a hearing on November 30, 1942, the court, in view of a finding that material misrepresentations concerning the bankruptcy proceeding had been made and that a fair meeting could not be held, concluded that no useful purpose could be served by attempting further meetings and directed that none be held. On February 3, 1943 following, petitioners filed their petition which resulted in the order appealed from.

The jurisdiction of the bankruptcy court over a corporate debtor and its affairs, exclusive and paramount, attaches upon institution of the proceeding. Thereafter the court is vested with power to do everything proper and necessary to administer the estate in an unhampered manner in accord with the purposes and provisions of the bankruptcy act. However, the court has no jurisdiction over the meetings of stockholders of a debtor in reorganization, In re Bush Terminal Co., 2 Cir., 78 F.2d 662; In re J. P. Linahan, Inc., 2 Cir., 111 F.2d 590, unless the exercise of such corporate statutory functions interferes with the administration of the estate by the bankruptcy court. If, in the utilization of such functions or in the manner of their exercise, anything is done or is reasonably likely to be done which impedes, interferes with, or prejudices the bankruptcy jurisdiction, then the court may so limit the application of the functions as effectually to safe-guard its administration. It may impose such conditions and limitations upon the employment of corporate power as will prevent the corporation and its officers and stockholders from doing anything reasonably tending to embarrass or handicap the administration. Thus, it may enjoin improper solicitations for proxies, if they tend to prejudice the court's unhampered control. But only to assure protection of its jurisdiction should it exert its restraining power. In other words, the court must permit the debtor's enjoyment of statutory rights under such supervision as will guarantee that its control and administration of the assets under the bankruptcy act will not be impeded, embarrassed or prejudiced.

The District Court evidently relied upon this basic limitation of jurisdiction and, inspired by what had transpired previously, denied the petition for an unconditional order. It would have been proper undoubtedly to have granted the relief prayed, provided the proposed order had included appropriate conditions safe-guarding and protecting the jurisdiction. The failure to enter an affirmative order, however, involved no abuse of discretion, for the denial was upon a petition which apparently contemplated only an unsupervised meeting and in which an order was prayed which would preserve no right of supervision by the court to guarantee lack of interference with its administration. Clearly the court was not bound to grant a narrow application upon which no greater or narrower relief was prayed and which contemplated no restriction or limitation.

This conclusion will not prevent or deter the court from granting permission hereafter to exercise statutory corporate functions, upon a properly framed petition, subject to conditions and provisions appropriate to the protection of its jurisdiction.

The order is affirmed. The affirmance shall be without prejudice to the right of petitioners to pray and of the court to order that the debtor may exercise its statutory corporate functions under such conditions as will avoid interference with or prejudice to the court's administration.