In re PUBLIC SERVICE HOLDING CORPORATION.

HAUGH v. INDUSTRIES, Inc.

No. 308.

Circuit Court of Appeals, Second Circuit.

March 27, 1944.

Lyman Stansky, of New York City, for appellant.

William J. Rapp, of New York City, for Common Stockholders' Protective Committee.

Hahn & Golin, of New York City (Reuben Golin, of New York City, of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This record shows that two groups of stockholders of Public Service Holding Corporation, a Delaware corporation herein called the debtor, are at odds in respect to an attempted reorganization. Industries, Inc., the appellant, is the owner of a majority of its shares of common voting stock and Haugh, the appellee, represents the interest of its preferred stockholders. A suit was commenced in Delaware in which a receiver for the corporation was appointed on May 26, 1939, who has since been endeavoring to carry out his duties with the aid of an order restraining creditors and others from interfering with the receivership. Efforts to oust the receiver have been futile. See In re Public Service Holding Corporation, Del., 24 A.2d 584.

On April 1, 1942, two stockholders of the debtor, at least one of whom was an officer of Cooperative Finance Corporation, the predecessor in interest of Industries, Inc., unsuccessfully applied to the Delaware chancellor for an order amending the restraining order to permit the filing of an application under § 31 of the Delaware Corporation Law, Rev.Code Del.1935, § 2063, for the election of directors. On the same day an involuntary petition for the reorganization of the corporation under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was filed in the Southern District of New York by three alleged creditors. It was stated in the petition that the debtor was a subsidiary of Industries, Inc., the appellant; that the latter had filed its petition for reorganization in the same court on March 6, 1942; and that it had been approved on March 9, 1942. Industries, Inc., filed its "consent" to the Chapter X petition against Public Service Holding Corporation and thereafter on April 8, 1942, obtained an order to show cause for the purpose of making possible the holding of a meeting of the stockholders of the debtor. Answers to the involuntary petition denying its material allegations were filed before the return day of the order to show cause and there was a reference to a special master to hear and report on the question of approval. Meanwhile a motion by the appellant for an order permitting the calling of a meeting of the debtor's stockholders has been held in abeyance, and an attempt by Cooperative Finance Corporation to call a special meeting of the debtor's stockholders was stayed temporarily by order dated April 12, 1943, pending the determination of the issues raised as to the validity of the Chapter X petition. Cooperative Finance Corporation then attempted to call an annual meeting of the stockholders of the debtor. This appeal is from an order of the District Court, entered on the motion of the appellee, staying the proposed annual meeting until it could be determined whether the involuntary petition for reorganization should be approved or dismissed.

It is of course true, as the appellant points out, that the mere pendency of a petition for reorganization under the Bankruptcy Act does not deprive stockholders of the debtor of their right to hold an annual meeting. In re J. P. Linahan, Inc., 2 Cir., 111 F.2d 590; Moore v. Linahan, 2 Cir., 117 F.2d 140. But that right is not absolute. When other considerations require a suspension of it they are to be given effect and the instance here presented is one showing the exercise of sound judicial discretion. Pending decision as to whether or not the reorganization petition in the District Court ought to be dismissed, it was wise to see to it that in the event of a dismissal the chancery court in Delaware, where a prior equity proceeding was pending which would be reinstated under § 259 of Chapter X, 11 U.S.C.A. § 659, should not be hampered unduly by action taken while its jurisdiction was in a state of suspense. There was enough before the district judge to make it appear doubtful whether the Chapter X proceeding would in the end supersede the Delaware suit, and while the parties in interest are being heard upon that question and the court is deciding it the order appealed from, needed as it is to maintain the status quo, should be left undisturbed.

Order affirmed.