See also D. C., 93 F.Supp. 579.

In re WISCONSIN CENT. RY. CO.

No. 17104.

United States District Court
D. Minnesota, Fourth Division.

Nov. 17, 1950.

Abraham K. Weber, of New York City, for petitioners.

James L. Hetland and E. E. Boyner, of Minneapolis, Minn., for Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.

G. Aaron Youngquist, of Minneapolis, Minn., for debtor.

NORDBYE, Chief Judge.

The Wisconsin Central Railway Company has been in reorganization under the jurisdiction of this Court pursuant to Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, since on or about September 30, 1944. A Trustee of the debtor was appointed by this Court on or about November 17, 1944, and he has carried on the debtor's operations since that time in accordance with the orders of this Court. Hearings have been held under the jurisdiction of the Interstate Commerce Commission concerning various plans for the debtor's reorganization and the report and recommendations of the Examiner is now being awaited.

The annual meeting of the debtor corporation was held in Milwaukee, Wisconsin, on or about May 9, 1950. Election of an eleven man Board of Directors for the debtor was one of the items of business. The company's Articles of Incorporation provide, in part, "Whenever for two successive years dividends upon the preferred stock at the rate of 4 per cent per annum shall not have been earned and paid, said preferred stock shall thereafter have the right to elect a majority of the Board of Directors of this Company." The preferred stockholders contended that, because of this provision, they were entitled to elect a majority of the directors for the corporation. No dividend had been paid on the preferred stock since 1921, although a dividend apparently had been earned in 1948. The common stockholders refused to recognize this claim, and proceeded to nominate, and purported to elect, an eleven man Board on the basis of common stock vote. The preferred stockholders proceeded, at the same time, however, to nominate, and purported to elect, the six petitioners herein as the majority members of the Board of Directors. The preferred stockholders recognize five of the directors nominated and purportedly elected by the common stockholders as the "minority" of the Board of Directors. Those five received the largest common stock vote. The "majority" of the Board after their election held a meeting as the duly elected Board and passed, among other things, the following resolution, "Resolved that Abraham K. Weber, attorney at law, of 165 Broadway, New York, N. Y., be and he hereby is appointed general counsel of the Wisconsin Central Railway Company, including representation as attorney for the corporation in reorganization proceedings pending in the United States District Court for the District of Minnesota, Fourth Division, and before the Interstate Commerce Commission; that said Abraham K. Weber be substituted as attorney for the corpora-

tion in all matters and proceedings in place and stead of G. Aaron Youngquist; * * *."

Petitioners herein, who composed that so-called "majority", now move this Court for an order or orders declaring that, at the annual meeting of May 9, 1950, the preferred stockholders had the right to elect, and did elect, the petitioners as the majority of the Board of Directors, and seek substitution, in pursuance of the resolution adopted, of Abraham K. Weber as attorney for the debtor in place of G. Aaron Youngquist, who is now serving in that capacity. It appears, however, that this petition was served only upon Mr. Youngquist as attorney for the debtor and upon the attorneys for the Soo Line, the latter being the owner of a substantial amount of the common stock of the debtor corporation. The Soo Line opposes the petition upon the ground that the Court lacks jurisdiction both over the subject matter presented and over the common stockholders' slate of directors, who were not personally served with the notice of this motion. Moreover, the Soo Line urges that the petition herein cannot be granted because (a) dividends on the preferred stock were earned in 1948, thereby rendering inapplicable the provisions of the charter relied upon by the petitioners, and (b) the existence of the reorganization proceedings and the Court's orders thereunder prevented payment regardless of the debtor's capacity to pay dividends. These objections become the issues upon this petition.

■ Obviously, this Court cannot make an order binding upon the directors whom the common stockholders purported to elect unless the Court possesses jurisdiction over their persons. And the Bankruptcy Court has no original jurisdiction over the activities of the debtor corporation or its directors as such unless those activities interfere with the administration of the estate by the Bankruptcy Court. In Re Plankinton Bldg. Co., 7 Cir., 1943, 138 F. 2d 221, at page 222, the court made this observation, "The jurisdiction of the bankruptcy court over a corporate debtor and its affairs, exclusive and paramount, attaches upon institution of the proceeding.

Thereafter the court is vested with power to do everything proper and necessary to administer the estate in an unhampered manner in accord with the purposes and provisions of the bankruptcy act. However, the court has no jurisdiction over the meetings of stockholders of a debtor in reorganization, In re Bush Terminal Co., 2 Cir., 78 F.2d 662; In re J. P. Linahan, Inc., 2 Cir., 111 F.2d 590, unless the exercise of such corporate statutory functions interferes with the administration of the estate by the bankruptcy court. If, in the utilization of such functions or in the manner of their exercise, anything is done or is reasonably likely to be done which impedes, interferes with, or prejudices the bankruptcy jurisdiction, then the court may so limit the application of the functions as effectually to safe-guard its administration. * * * In other words, the court must permit the debtor's enjoyment of statutory rights under such supervision as will guarantee that its control and administration of the assets under the bankruptcy act will not be impeded, embarrassed or prejudiced."

■ Concededly, the debtor corporation now is in reality a mere shell. The trustee whom the Court has appointed, not the debtor corporation, possesses the corporate assets and carries on the corporation's railroad affairs. Neither the corporation nor its directors control the debtor's estate. Who the members of the Board of Directors are, and what the rights of the stockholders may be as between themselves with respect to the election of the Board of Directors, is not a matter which, of itself, affects adversely the administration of the debtor's estate. The debtor's estate will function, and the bankruptcy proceedings continue, regardless of who may comprise the Board of Directors and who elects them. As noted, the Board possesses no control over the estate. And who possesses the right to elect these directors is immaterial to the continued functioning of the debtor's estate in accordance with the Bankruptcy Act. It is not made to appear that the dispute between these two factions will interfere with the administration of the estate. The suggestion that

the directors sought to be elected by the preferred stockholders might desire to make petitions to this Court which the directors elected by the common stockholders might not make, does not mean that the administration of the estate by this Court will be hampered or improved. And the Court is convinced that the showing herein is not sufficient to justify any assumption of jurisdiction on the suggested basis of prejudice to the bankruptcy proceedings.

The only alleged directors who are before this Court are the petitioners herein and Mr. G. Aaron Youngquist, who is a director as well as attorney for the debtor corporation. Mr. Youngquist merely submits this matter for the Court's determination without comment, except that he has no authority to appear for the other directors elected by the common stockholders. As heretofore noted, the others neither were served properly with any notice of this hearing nor have they appeared voluntarily. Consequently, nothing exists to invoke this Court's jurisdiction over the absent directors. The mere fact that the Court possesses jurisdiction over the bankrupt's estate does not give it jurisdiction over the person of the directors who may be involved. What the petitioners are seeking to obtain is an adjudication that they possess the right to the position of directors. That right is personal to the claimants as well as to those who contend that they were elected to the Board by common stockholders. Basically, therefore, the Court lacks jurisdiction to determine the ultimate question as to the personal right of these contending directors to hold their office. And this record does not establish that they were properly served with this petition or that their right concerns activities which prejudice this Court's administration of the debtor's estate.

However, this Court is directly concerned with that part of the petition which seeks a determination of who, in light of this showing, should be recognized as the debtor's attorney. That the debtor corporation is entitled to be heard in this Court upon matters concerning its reorganization is well settled. In re J. P. Linahan, Inc., 2 Cir., 111 F.2d 590; In re Bush, 2 Cir., 78 F.2d 662; In re National Realty Trust, 7 Cir., 167 F.2d 440. Periodically, the corporation has appeared by its attorney before this Court to request and receive permission for extension of time within which it must file its plan of reorganization. The corporation also has appeared on various other reorganization matters before this Court. At these hearings, the debtor appears by counsel. Now it appears that the factions within the corporation are at odds as to who should be the corporation's counsel. As a result, the petitioners request this Court to substitute the attorney they desire to represent the corporation for the one now representing it. The request is limited to representation in the bankruptcy proceedings. It does not extend to other matters outside thereof.

It seems reasonably clear that this Court possesses jurisdiction to determine which attorney is entitled to appear before it and has the authority to represent the debtor corporation. A contest over who is the authorized attorney of the party to the reorganization proceedings can affect the Court's administration of the estate, delay it, and in all probability cause prejudice to the proceedings. In view, therefore, of the corporation's right to appear before the Court in these proceedings, it must follow that this Court is required to exercise its jurisdiction upon this portion of the petitioners' motion. If the question arose when an actual appearance was made in this Court by the corporation, the Court undoubtedly would be required to determine the issue then between the counsel who claimed the right to represent the corporation. Essentially, that determination is what the petitioners now seek. The Court has jurisdiction over both attorneys who claim they are authorized to act for the corporation. However, as the Soo Line points out, the Court must determine other questions propounded by the petitioners in determining this portion of petitioners' motion, and therefore it is urged that this Court lacks jurisdiction to determine those other questions independently. But it seems well settled that, in determining a question over which the

Court does possess jurisdiction, the Court can also determine issues upon which it is based and over which the Court would not possess jurisdiction independently. 21 C.J.S., Courts, § 87, pages 135-136. Consequently, in that the Court possesses jurisdiction to determine which counsel has the right to represent the debtor, it must have jurisdiction to decide the other questions upon which this main issue depends.

It is the petitioners' position that Mr. Weber, whom they elected, should be permitted to represent the debtor corporation in this Court because he was duly elected by the majority of the Board of Directors who are empowered to employ the legal counsel for the corporation. And in this connection, they rely upon the provision of the Articles of Incorporation quoted above to the effect that when dividends have not been earned and paid for two successive years, then the preferred stockholders have the right to elect a majority of the Board. Concededly, no dividends upon the preferred stock have been paid and earned during the preceding two years. In fact, no dividends on the preferred stock have been paid since 1921. The Soo Line contends that dividends were earned in 1948, and therefore the provision upon which petitioners rely is inapplicable. But the provision of the charter requires that the dividends be paid as well as earned. Its requirements are joined conjunctively. This provision does not mean that if the dividends are earned but not paid, the common stockholders retain the right to elect directors. There is nothing in the provision which appears to make the requirements alternative or in effect disjunctively connected. That the preferred stockholders would be interested both in earnings and the payment of dividends is evident from the fact that their dividends are noncumulative, and consequently if not paid when due they are lost. The intent to require both the payment and the earning of the dividends is consonant with the fact that, if the dividends are not paid, they are lost to the stockholders even if earned.

It is also urged that the provision relied upon by the preferred stockholders is inoperative because bankruptcy proceedings and the orders of this Court have prevented payment of the dividends within the past two years. This argument seems based primarily upon speculation that the debtor could have paid dividends within the last two years. Although the dividends may have been earned in 1948, it seems obvious that many other prior claims existed, and the debtor's right to pay dividends under the financial situation in which it found itself seems open to grave doubt. The argument advanced also assumes without showing that the dividends would have been paid, but for the court order and the bankruptcy restrictions. Such an assumption is contradicted by the record. Reference is made to the case of Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L. Ed. 162, but that case is not in point. The application of the equitable principles which motivated the court in the Vanston case are not present here. The basis of that decision is that the advent of bankruptcy will not permit additional compensation to certain creditors to the prejudice of others under equitable principles of bankruptcy law.

It follows, therefore, that Abraham K. Weber must be recognized in these reorganization proceedings as the attorney for the debtor. An appropriate order may be presented on five days' notice. An exception is reserved.

This decision is limited to the determination of the specific and precise question noted herein.