**In re NATIONAL CENTURY FINANCIAL ENTERPRISES, INC., an Ohio corporation, et al., Debtors.**

No. 02–65235.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

April 22, 2003.

Paul E. Harner, Jones Day, Columbus, OH, for Debtors Counsel.

James M. Lawniczak, Calfee, Halter & Griswold, Cleveland, OH, Albert J. Lucas, Calfee, Halter & Griswold, Columbus, OH, Counsel for Lance Poulsen.

Brian E. Dickerson, David G. Korn, Columbus, OH, Counsel for Donald H. Ayers.

**ORDER ON MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER GRANTING ALVAREZ & MARSAL INC., RIGHTS AND POWERS OF DEBTOR IN POSSESSION IN CHAPTER 11 CASE OF NATIONAL CENTURY FINANCIAL ENTERPRISES, INC. (RELATING TO PLEADING NO. 1029)**

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter came before the Court for an expedited hearing on April 8, 2002, based upon the following pleadings:

1) Motion of Debtors and Debtors In Possession for Order Granting Alvarez & Marsal, Inc. Rights and Powers of Debtor In Possession in Chapter 11 Case of National Century Financial Enterprises, Inc. ("Motion");

2) Statement of the Provident Bank in Support of Motion of Debtors and Debtors In Possession For Order Granting Alvarez & Marsal, Inc. Rights and Powers of Debtor in Possession in Chapter 11 Case of National Century Financial Enterprises, Inc.;

3) Response by Amedisys to Motion [Allegedly] of Debtors and Debtors in Possession in Chapter 11 Case of National Century Financial Enterprises, Inc.;

4) Memorandum in Support of Bank One as Indenture Trustee to Motion of Debtors and Debtors In Possession for Order Granting Alvarez & Marsal, Inc. Rights and Powers of Debtor in Possession;

5) Memorandum of Lance K. Poulsen in Opposition to Motion of Debtors and Debtors In Possession for Order Granting Alvarez & Marsal, Inc. Rights and Powers of Debtor and Debtor in Possession in Chapter 11 Case of National Century Financial Enterprises, Inc. ("Memo Contra");

6) Joinder of Official Subcommittee of Noteholders of Debtor NPF XII, Inc. in Debtors' Motion for Order Granting to Alvarez & Marsal, Inc. the Exclusive Rights and Powers of the Debtor in Possession; and

7) Memorandum of Donald H. Ayers in Support of Memorandum of Lance K. Poulsen in Opposition to Motion of Debtors and Debtors in Possession for Order Granting Alvarez & Marsal, Inc. Rights and Powers of Debtors in Possession in Chapter 11 Case of National Century Financial Enterprises, Inc.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## I. *BACKGROUND*

This case has been before the Court for almost five months. During this five-month period, the Court has held many hearings, joint hearings with other bankruptcy courts, and considered several unique issues concerning Debtors' business operations and the "complex liquidation" of Debtors' assets. In almost every hearing held, counsel for one party or another, has stated that this is a very complicated case with very complex issues. Before the Court begins to address the issue before it, a brief history is in order.

On November 18, 2002 ("Petition Date"), NCFE and thirteen (13) of its subsidiaries commenced reorganization cases by filing petitions for relief under Chapter 11 of the Bankruptcy Code. On February 14, 2003, Allied Medical, Inc. also commenced a reorganization case. All of these cases have been consolidated for procedural purposes only and are being administered jointly. Prior to the petitions being filed, Debtors encompassed one of the country's largest providers of healthcare accounts receivable financing.

Since their founding in 1991, Debtors financed and serviced more than $15 billion in healthcare accounts receivable. Debtors also provided other financing and leasing services to healthcare companies. As of the Petition Date, Debtors employed approximately 100 full time and part-time employees.

In principal, the Debtors provided financing to healthcare providers, primarily consisting of hospitals, nursing homes, physician groups and home healthcare agencies. The Debtors "purchase" of eli-

gible receivables were financed primarily through private placement sales of bonds to institutional investors.[1] As of the Petition Date, all of the Debtors' outstanding bonds were issued by Debtors NPF VI, Inc. and NPF XII, Inc. Debtors reported that the aggregate outstanding principal amount of bonds issued by NPF VI was $924,995,000.00. Debtors also reported that the aggregate outstanding principal amount of bonds issued by NPF XII, the indenture trustee for which is Bank One, N.A., was $2,047,500.00.

In early November 2002, the Debtors, as a result of a financial downturn were engaged in negotiations and litigation with certain creditor constituencies concerning control of the management and operation of the businesses. Early on November 8, 2002, Bank One, N.A., in its capacity as the indenture trustee for the NPF XII, Inc. bonds, filed an emergency motion for the appointment of a receiver in the action captioned *NPF XII, Inc. et al. v. PhyAmerica Physician Group, Inc., et al.,* Case No. 02 CVH 11–12222 pending in the Court of Common Pleas of Franklin County, Ohio. Bank One sought the appointment of a receiver to manage the operations of NPF XII, Inc.

In response to these state court proceedings and other developments, the board of directors of NCFE met at noon on November 8, 2002. At that time, Lance Poulsen was Chairman of the Board and Chief Executive Officer of NCFE. Mr. Poulsen attended the meeting and, effective at its conclusion, resigned all of his remaining director and officer positions with the Debtors. Prior to the resignations becoming effective, all of the members of the Board, including Mr. Poulsen, the other three co-founders of NCFE

(Barbara Poulsen, Donald Ayers, and Rebecca S. Parrett) and the outside directors, Harold W. Pote and Thomas G. Mendell, unanimously approved the appointment of Alvarez & Marsal, Inc. ("Alvarez") as the crisis manager of NCFE and its subsidiaries "with authority to exercise all of the authorities and responsibilities of the Chief Executive Officer with respect to [NCFE] ... and plenary management and operational authority with respect to [the subsidiaries] ...." As a result of the resignation and the retention of Alvarez, Bank One did not pursue the appointment of the receiver. As of the Petition Date, the other three co-founders also resigned from the Board.

Debtors filed with the petition for NCFE a certificate of resolutions. Pursuant to the certificate of resolutions, signed by Sherry Gibson, Executive Vice President of System Analysis of NCFE, the following resolutions, in pertinent part, were adopted, as of November 17, 2002:

FURTHER RESOLVED, that: (a) as of the Petition Date, the Prepetition Officer [Sherry Gibson], and any and all other officers of the Company serving as officers of the Company as of immediately prior to the Petition Date, hereby shall be removed from office; (b) as of the Appointment Date. David J. Coles hereby shall be elected to serve as President, Treasurer, and Secretary of the Company (the *"Postpetition Officer"*), (c) as of the Petition Date, the Company accepts the resignation of Rebecca Parrett as a director of the Company; and (d) as of the Appointment Date, David J. Coles hereby shall be elected to serve as a director of the Company;

FURTHER RESOLVED, that the Company, as a sole shareholder or mem-

1. The "purchase" is an issue currently pending before the Court. It has been labeled as the "true sale" issue concerning Debtors purchase of accounts receivables. The "true sale" issue is not scheduled to be heard until July 8, 2003.

ber, as the case may be, of each of the Subsidiaries, hereby: (a) removes any and all directors, if any, of each of the Subsidiaries other than Memorial Drive, NPF VI, NPF XII, and NPF–CSL, Inc. (Collective, the *"Excluded Subsidiaries"*); (b) removes John Snoble as the managing agent of Memorial Drive; (c) elects and appoints Sherry Gibson to serve, until the Petition Date, as (i) the sole director of each of the Subsidiaries other than the Excluded Subsidiaries, and (ii) the managing agent of Memorial Drive; (d) immediately prior to the Petition Date, removes any and all directors, if any, of each of the Excluded Subsidiaries other than Memorial Drive; (e) elects and appoints David J. Coles to serve, as of the Petition Date, as the sole director of NPF VI, NPF XII, and NPF–CSL; and (f) elects and appoints David J. Coles to serve, as of the Appointment Date, as the sole director of each of the Subsidiaries other than Memorial Drive, NPF VI, NPF XII, and NPF–CSL;

FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Prepetition Officer and the Postpetition Officer, prior to the Petition Date, the Prepetition Officer and her designees, and as of and after the Appointment Date, the Postpetition Officer and his designees, shall be, and each of them, acting alone, hereby is, authorized directed, and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such Prepetition Officer's or Postpetition Officer's judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein, and . . . .

(Petition, Certificate of Resolutions). Since November 19, 2002, the Board has consisted of Mr. Coles, Mr. Pote, and Mr. Mendell.

On the Petition Date, Debtors filed a Motion for an Order Authorizing the Continued Use of Alvarez to Provide Crisis Management Services. On December 19, 2002, the Court entered an order granting the motion, as supplemented, and approving Alvarez's continued role as the Debtors' crisis manager. Debtors have continued in possession of their respective properties and are operating and managing their business as, debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. Debtors are engaged in a complex liquidation and winddown of operations. This complex liquidation and wind-down of operations has occurred at the direction of Mr. Coles and the Board, as currently constituted.

On or about March 21, 2003, Mr. Poulsen sent a letter to David Coles of Alvarez, in his capacity as President of NCFE inquiring whether NCFE intended to hold its annual shareholders' meeting on April 7, 2003. The letter stated that if the annual shareholders meeting was not scheduled, then Mr. Poulsen demanded a special meeting of the NCFE shareholders on the same date, "for the purpose of electing Directors for NCFE." (Debtors' Exhibit D.) After receiving the letter, the Debtors transmitted copies of the letter to the major creditor constituencies, including the Creditors' Committee and the Official Subcommittees.

On April 1, 2003, Debtors filed the Motion and requested an expedited hearing at the request of their primary creditor constituencies. The creditor constituencies made their request after Mr. Poulsen de-

manded that a shareholder meeting be convened for the purpose of electing a new board of directors. The Court held a hearing on April 8, 2003, and afforded the parties in interest an opportunity to present evidence, testimony, and arguments in support of their respective positions.[2]

In support of their Motion, Debtors presented two witnesses, David Coles, managing director of Alvarez and president of NCFE, and Randall M. Walters of Jones Day. In support of his Memo Contra, Lance Poulsen testified. The witnesses were subject to cross examination by counsel entering their appearance. The matter has been fully briefed and presented and is now ready for decision.

## II. *SUMMARY OF ARGUMENTS*

Through the Motion, Debtors move the Court pursuant to sections 105(a), 1107(a) and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (the "Bankruptcy Code"), *for entry of an order granting Mr. Coles of Alvarez, the Debtors' current crisis manager, the exclusive rights and powers of the debtor in possession in the Chapter 11 case of Debtor National Century Financial Enterprises, Inc. ("NCFE").* While Debtors submit that they are not seeking injunctive relief to thwart the holding of a shareholders' meeting, they argue that the Motion should be granted. Debtors submit that Mr. Poulsen's demand is replete with references to exercise ongoing control of Debtors. Debtors believe that Mr. Poulsen has made his demand for a shareholders' meeting to reconstitute the Board to wrest back control of the Debtors and the Chapter 11 proceedings. Debtors also submit that Mr. Poulsen may be seeking an election to place himself in a position to obtain information relating to litiga-tion that may be commenced against him. Debtors submit that any such effort should be thwarted at the outset.

Debtors contend that Mr. Poulsen was in control when the Debtors began their financial demise. Debtors also contend that Mr. Poulsen has been the subject of investigations by government agencies such as the Federal Bureau of Investigation and the Securities and Exchange Commission. According to Debtors, Mr. Poulsen should not be allowed to return in control when he relinquished control before the case was filed. In support of their contentions, Debtors maintain that three court decisions involving situations factually similar to the NCFE case authorize the Court to issue an order granting Mr. Coles of Alvarez exclusive rights and powers of the debtor in possession.

The Official Committee of Unsecured Creditors and the NPF VI and NPF XII subcommittees, along with other creditors, join with the Debtors in support of the Motion. In addition to Debtors' contentions, these entities submit that an order granting Mr. Coles of Alvarez exclusive rights and powers will create an ethical wall. Further, these entities submit that with the threat of Mr. Poulsen gaining control, the future provision of cash collateral will be jeopardized.

In response to the Motion, Donald Ayers and Lance Poulsen respectfully request the Court to deny the Motion. In their responses, Mr. Poulsen and Mr. Ayers submit that shareholders have the right to elect a board of directors, even when a debtor in possession is in the midst of a Chapter 11 bankruptcy proceeding. In order for the Court to have authority to restrict the holding of a shareholders'

---

**2.** Mr. Poulsen agreed to continue his request for a shareholders' meeting until April 14, 2003.

meeting, there must be a showing of clear abuse. They submit that the Debtors have offered no evidence that the bankruptcy proceeding would be impeded by the holding of the annual shareholders' meeting. They further submit that granting Debtors' Motion would secure Mr. Coles of Alvarez as a *quasi*-trustee, with no accountability. They submit that such relief is unwarranted, when the NCFE schedules show equity available for shareholders.

In analyzing the above arguments, the Court will review the duties and rights of a debtor in possession as set forth in sections 1107(a) and 1108 of the Bankruptcy Code. Then, the Court will summarize and review the holdings of the three cases cited by the Debtors in support of their Motion. Finally, the Court will analyze the NCFE case factors in order to reach a conclusion regarding Debtors' Motion.

## III. *DISCUSSION*

The duties of a debtor in possession are set forth in section 1107(a), which provides in pertinent part, as follows:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all of the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a). Authorization to operate a debtor's business is set forth in section 1108, which provides: "Unless the court, on request of a party in interest and after notice and a hearing, orders otherwise, the trustee may operate the debtor's business." 11 U.S.C. § 1108.

### A. *In re FSC Corp.*

Debtors maintain that pursuant to sections 105, 1107 and 1108 of the Bankruptcy Code and applicable provisions of Ohio Revised Code §§ 1701.75, 1701.89 and 1790.90, that the Court has authority to issue an order granting Mr. Coles of Alvarez the exclusive rights and powers of the debtor in possession in the NCFE Chapter 11 case. Debtors further maintain that *In re FSC Corp.*, 38 B.R. 346 (Bankr.W.D.Pa. 1983) supports such an order in this case. Debtors argue that as in *FSC*, the Debtors' prior management was no longer in place when the responsible officer was appointed.

### B. *In re Gaslight Club, Inc.*

Debtors also assert that the facts of *In re Gaslight Club, Inc.*, 782 F.2d 767, 771–72 (7th Cir.1986) are comparable to the facts of this case and instructive. In reviewing the *Gaslight Club* case, the facts were as follows: Gaslight operated private dining clubs throughout the United States. The president and majority shareholder was designated by the court as the person entitled to exercise the rights and perform the obligations of Gaslight as the debtor in possession. *In re Gaslight Club, Inc.*, 782 F.2d at 768. Counsel for the debtor in possession was employed, and a creditors' committee was appointed. The debtor sustained losses and failed to file a plan by a date set by the court. *Id.* at 769.

Two weeks after the deadline date passed, the committee requested an order designating William Brandt to operate Gaslight and to exercise the debtor in possession powers. The president and majority shareholder consented to Brandt's appointment. The president was advised that it was in his best interest and Gaslight's best interest. Within one month, Brandt discharged the majority sharehold-

er from his position as president. *Id.* at 769. The majority shareholder objected to his replacement as the individual exercising the debtor-in-possession powers. The bankruptcy court denied motions to appoint trustee, and to vacate the order replacing the majority shareholder as president. The District Court for the Northern District of Illinois affirmed, and an appeal was filed with the Seventh Circuit. *Id.* at 769.

The Seventh Circuit held that 11 U.S.C. §§ 105(a) and 1107(a) provided authority for the bankruptcy court to approve replacement of the person designated to perform duties and exercise rights of debtor in possession when the creditors' committee, person presently in control, and majority and controlling shareholder of debtor agreed to this course of action. The Seventh Circuit further held that the Bankruptcy Code's provision for appointment of trustee was not improperly circumvented when the bankruptcy court granted creditors' committee's request to replace the president as the individual exercising debtor in possession powers. *Id.* at 774.

The Seventh Circuit did recognize that had the president resigned his position, he almost certainly could have exercised his prerogatives as majority and controlling shareholder to replace himself as a corporate officer with a nominee of his own choice. Then, the bankruptcy court could have designated the person entitled to exercise the rights of the debtor in possession. However, because of his consent, there was not a need to appoint an independent trustee. *Id.* at 771.

### C. *In re Lifeguard Industries, Inc.*

Finally, Debtors assert that *In re Lifeguard Industries, Inc.*, 37 B.R. 3 (Bankr. S.D.Ohio 1983) supports that the Court has authority to approve management ar-

rangements that will protect creditor's interests. In *Lifeguard,* the majority shareholder of the Chapter 11 corporate debtor moved the court to confirm appointment of new directors, for approval of new management, and for the appointment of a committee of equity security holders. Judge Newsome of the Bankruptcy Court for the Southern District of Ohio held that:

(1) majority shareholder would not be permitted to install new management slate which had demonstrated no real understanding of immediate problems facing the business, notwithstanding president's lack of knowledge of financial picture. While there is little question that shareholders of a corporate debtor in possession retain their state law rights to control a corporation, it is equally apparent that the shareholders' right to control is not without limitations. The Court has the responsibility to protect creditors' interests from the actions of inexperienced and incapable management, whether old or new;

(2) majority shareholder's motion to confirm appointment of new directors would be granted, and newly-elected board of directors could propose a plan on behalf of corporation;

(3) members of board of directors could not direct, undertake, or in any way interfere with day-to-day operations of the corporation until such time as the plan was confirmed; and

(4) motion for appointment of equity security holders would be denied.

*In re Lifeguard Industries, Inc.,* 37 B.R. at 3, 18.

## IV. *NCFE CASE FACTORS*

The Court has conducted an extensive review of the arguments made and the facts alleged in support of the Motion. In that review, the Court does not find the

*FSC* case as being instructive or conclusive for the NCFE case.

In reviewing the *FSC* case, it certainly was an extreme case where no board existed at the time of filing. While the facts also are extreme in the NCFE case, there was a board of directors in place when the decision was made to employ Alvarez as the crisis manager. The board of directors decided to employ Alvarez and place it in the position of crisis manager to try to avoid the appointment of a receiver presumably being pursued under Ohio Revised Code Sections 1701.75, 1701.89, and/or 1701.90. Shortly after Alvarez was employed by NCFE, resolutions were passed to put Mr. Coles in the position of being the president of NCFE. Mr. Coles continues in that position, and effectively has the rights of the debtor in possession.

The Court further does not find *Gaslight* nor *Lifeguard* as conclusive in supporting Debtors' Motion. Both of those cases acknowledged the rights of shareholders of debtors in possession. As stated above, Mr. Coles effectively has the rights of the debtor in possession, pursuant to NCFE board action. Debtors and those parties supporting Debtors' Motion have provided the Court with no substantial evidence in support of their positions that an order is required granting Mr. Coles of Alvarez the exclusive rights and powers of the debtor in possession. The Debtors and those parties supporting Debtors' Motion have only provided statements of speculation. Those statements focus on what could or may happen if control of the board reverts back to Mr. Poulsen.[3] At this time, the Court finds that the Debtors have provided it with no basis or compelling evidence to grant their Motion, particularly when Mr.

Coles of Alvarez sits in the position of president of NCFE and effectively has the rights of the debtor in possession.

## V. CONCLUSION

Based upon the foregoing, the Court hereby finds the Motion to be redundant, and therefore, denies the Motion of Debtors and Debtors in Possession for Order Granting Alvarez & Marsal, Inc. Rights and Powers of Debtor in Possession in Chapter 11 case of National Century Financial Enterprises, Inc.

**IT IS SO ORDERED.**

---

3. The Court recognizes that if the things referred to by the Debtors do come to pass, there is a potential for the problems cited actually occurring. However, Debtors clari-

fied their position at the April 8, 2003, hearing that they were not, through the Motion, seeking to enjoin the shareholders' meeting from occurring.