**In re COMMUNICATION OPTIONS, INC. Debtor.**

**No. 00–57772.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 29, 2003.

Richard T. Ricketts, Ricketts Co., L.P.A., Columbus, OH, for Debtor.

Leon Friedberg, Stephanie Champ, Carlile Patchen & Murphy LLP, Columbus, OH, for Duckworth Enterprises, LLC.

### ORDER GRANTING DUCKWORTH'S MOTION FOR APPOINTMENT OF RESPONSIBLE PARTY

BARBARA J. SELLERS, Bankruptcy Judge.

Duckworth Enterprises, LLC ("Duckworth") has moved the Court to appoint a "responsible officer" to operate the debtor's business or, in the alternative, to ap-

point a trustee. The debtor opposed the motion and the Court heard the matter.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

■ A review of existing case law reveals that the appointment of a responsible person has been used primarily to replace non-existent management or with the agreement of the parties. *See, e.g., Matter of FSC Corp.,* 38 B.R. 346 (Bankr. W.D.Pa.1983); *Matter of Gaslight Club, Inc.,* 782 F.2d 767 (7th Cir.1986). Neither of those circumstances are present in this case. However, this Court believes it has inherent and express equity powers to take appropriate action necessary to protect a reorganizing debtor's potential for reorganization and the integrity of the bankruptcy system. *See* 11 U.S.C. § 105. Sometimes such equitable remedies require unusual actions.

■ During the extensive hearings on this and other motions recently tried, the Court heard numerous examples of actions taken by the debtor solely to protect its insiders. Were this case at any earlier phase, the Court would not hesitate to order the appointment of a trustee. However, this case has been pending for three years, and two reorganization plans are now pending. Appointment of a trustee at this point would merely delay the process and incur expense that this estate cannot afford. At the same time, the Court has an obligation to protect the reorganization process and the rights of parties in interest. That protection can best be achieved here by terminating the non-productive delay tactics the debtor is using to avoid paying its creditors and ordering the appointment of a responsible person to act on behalf of the debtor in possession.

Duckworth has nominated Beth Fisher as a potential appointee as a responsible party under its motion. Ms. Fisher testified as to her experience, credentials, availability, and willingness to serve under what will be a relatively short tenure, at a fair and reasonable salary. The Court is satisfied that she is competent, disinterested, and an appropriate person to serve as a responsible party for, and representative of, the debtor in possession.

Accordingly, the Court **GRANTS** the motion of Duckworth Enterprises for the appointment of a responsible party to act for the debtor and debtor in possession. The Court further finds that Beth Fisher, as an available and competent suggested responsible party, shall be so designated upon her filing of a statement of willingness to serve in such capacity. It is intended that this appointment be short in duration, until there is either a confirmed plan or the case has been converted to Chapter 7.

**IT IS SO ORDERED.**