**GASLIGHT CLUB, INC. and its Entities and Robert M. Fredricks, Appellants,**

v.

**The OFFICIAL CREDITORS COMMITTEE, Appellee.**

**No. 84 C 4303.**

United States District Court, N.D. Illinois, E.D.

Jan. 16, 1985.

Levit & Mason, John F. McCarthy, Chicago, Ill., for appellants.

Towbin & Zazove, Ltd., Chicago, Ill., for appellee.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is an appeal by Robert M. Fredricks and Gaslight Club, Inc.'s Board of Directors (collectively "Fredricks") from the April 4, 1984 order of the bankruptcy court, which (1) denied Fredricks' motion to appoint a trustee to administer the Gaslight Chapter 11 estate or, in the alternative, to vacate the bankruptcy court's August 30, 1983 order designating William A. Brandt, Jr. ("Brandt") to manage the debtors' property and operate their businesses; and (2) denied Fredricks' motion to substitute Louis W. Levit ("Levit") for David N. Missner ("Missner") as attorney for Gaslight, in its capacity as debtor in possession. For the reasons set forth below, the bankruptcy court's order is affirmed.

### I.

■ The parties disagree first about the proper scope of review that this Court should apply to the bankruptcy court's decision. Fredricks claims that this appeal is governed by one of the Emergency Rules adopted by the District Court for the Northern District of Illinois on December 20, 1982. Emergency Rule E(2)(b) provides:

In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

The appellees, on the other hand, contend that the traditional standard of review set forth in Bankruptcy Rule 8013 (formerly Rule 810) should be applied. Rule 8013 states:

On an appeal the district court ... may affirm, modify or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

We agree with the appellees that Bankruptcy Rule 8013, rather than Emergency Rule E(2)(b), governs this appeal. It is true that the Emergency Rules applied generally to this case while it was before the bankruptcy court. However, the Rules are no longer in effect. The first section of the Emergency Rules states clearly that the purpose of the Rules was "to supplement existing law and rules in respect to the authority of the bankruptcy judges of this district to act in bankruptcy cases and proceedings *until Congress enacts appropriate remedial legislation* in response to the Supreme Court's decision" in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (emphasis added). Such remedial legislation was enacted on July 10, 1984, when the President signed into law the "Bankruptcy Amendments and Federal Judgeship Act of 1984," Pub.L. No. 98–353; 98 Stat. 333. Thus, by their own terms, the Emergency Rules are not in effect any more.[1]

■ The new amendments to the Bankruptcy Code do not change the standard of review for cases such as this one. To remedy the constitutional infirmities of the bankruptcy court system struck down by the Supreme Court in *Northern Pipeline*, Congress has now drawn a distinction between core and non-core proceedings. Core proceedings include most matters which are integral to the adjudication of bankruptcy or were traditionally before the bankruptcy court. *See* 28 U.S.C. § 157(b)(2). Bankruptcy judges may hear and determine all core proceedings referred to them under § 157; they may also hear non-core proceedings and then submit proposed findings of fact and conclusions of law to the district court.[2] However, nothing in the amendments refers to the district court's scope of review of a bankruptcy judge's decisions in core proceedings. We therefore assume that Congress intended to maintain the clearly erroneous standard of review already established in Bankruptcy Rule 8013.[3]

■ Fredricks offers a second reason why this Court should review the bankruptcy judge's decision more closely than under the clearly erroneous standard. Instead of drafting his own factual findings and legal conclusions, the bankruptcy judge simply incorporated into his order the appellees' proposed findings and conclusions. Thus, Fredricks argues, the bankruptcy court's decision is not entitled to even the slightest

---

1. The legislative history of the 1984 amendments to the Bankruptcy Code also demonstrates that the Emergency Rules no longer apply to this case. An analysis of the amendments, appended to the statement of Senator Orrin Hatch, explains that the new legislation was intended to become effective immediately upon enactment and to govern all bankruptcy cases then pending. 130 Cong.Rec. § 8891 (daily ed. June 29, 1984).

2. 28 U.S.C. § 157(c)(1) provides that the district court shall enter any final order or judgment in a *non-core* proceeding, after considering the bankruptcy judge's proposals and after reviewing *de novo* any matters to which a party has properly objected. Thus, the 1984 amendments shift the responsibility for making final decisions in non-core proceedings from the bankruptcy judge to the district court. Compare this

procedure with the statutory provisions governing the reference of pretrial matters to magistrates in 28 U.S.C. § 636.

3. This assumption is buttressed by the provision in 28 U.S.C. § 158(c) that an appeal to a district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the court of appeals from the district courts...." The provision is consistent with the Advisory Committee's Note to Rule 8013: "This rule accords to the findings of the bankruptcy judge the same weight given the findings of a district judge under Rule 52 F.R.Civ.P."

The court in In re Osborne, [New Developments] Bankr.L.Rep. (CCH) ¶ 70,042 (W.D.Wis. Sept. 17, 1984), also found that matters involving core proceedings should be reviewed under the clearly erroneous standard.

weight on appeal. This argument is unpersuasive.

The Supreme Court and Seventh Circuit have made it clear that adoption of the prevailing party's findings verbatim and without change does not invalidate the findings. "Those findings, though not the product of the workings of the ... judge's mind, are formally his; they are not to be rejected out-of-hand, and they will stand if supported by evidence." *United States v. El Paso Natural Gas Co.*, 376 U.S. 651, 656, 84 S.Ct. 1044, 1047, 12 L.Ed.2d 12 (1964); *see also Garcia v. Rush-Presbyterian-St. Luke's Medical Center*, 660 F.2d 1217, 1220 (7th Cir.1981). In a series of cases involving this issue, the Seventh Circuit has continued to apply the clearly erroneous standard of review, although it has examined the lower court's findings more critically to determine whether they are clearly erroneous. *See Garcia*, 660 F.2d at 1220; *Photovest Corp. v. Fotomat Corp.*, 606 F.2d 704, 731 (7th Cir.1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1278, 63 L.Ed.2d 601 (1980); *Schwerman Trucking Co. v. Gartland Steamship Co.*, 496 F.2d 466, 474–75 (7th Cir.1974); *FS Services, Inc. v. Custom Farm Services, Inc.*, 471 F.2d 671, 676 (7th Cir.1972); *Reese v. Elkhart Welding and Boiler Works, Inc.*, 447 F.2d 517, 520–21 (7th Cir.1971). Accordingly, we have closely examined the bankruptcy court's findings to determine whether they are supported by evidence or are clearly erroneous. In doing so, we have taken into consideration the advantages possessed by the bankruptcy judge in appraising the credibility of witnesses who gave conflicting testimony. *See Schwerman*, 496 F.2d at 474; *Reese*, 447 F.2d at 520–21.

## II.

■ Fredricks' first substantive argument is that the bankruptcy court erred in refusing to vacate the August 30, 1983 order substituting Brandt for Fredricks as the person designated to operate the debtors' businesses and manage their property. Fredricks claims that there exists no authorization for such an order, and that the order improperly usurped the United States Trustee of its statutory power.

We disagree. A debtor in possession is subject to numerous limitations on the manner in which it operates the debtor's business. 11 U.S.C. § 1107(a) provides that a debtor in possession shall have most of the rights, powers and duties of a trustee, subject *"to such limitations or conditions as the court prescribes ..."* (emphasis added).[4] Moreover, as a court of equity, the bankruptcy court is vested with the broad power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).[5]

Given these statutory grants of power, the bankruptcy court did not clearly err in this case when it designated Brandt as the person in control of the debtors in possession. First, the designation appeared to be in the best interests of the estates and the various parties. Gaslight sustained a pretax operating loss of $1.6 million during the eight months (ending in August of 1983) in which Fredricks was still in control of Gaslight, and Fredricks failed to comply with the court's order to file a plan by August 17, 1983. Second, and perhaps more important, Fredricks himself consented to Brandt's designation. Although Fredricks later claimed that his consent was not fully informed, the bankruptcy court found otherwise, and the record supports the court's finding.

None of the cases cited by the parties are squarely on point with this factual situation. The most similar case may be *In re*

4. Various limitations are also specified in different statutory sections, including 11 U.S.C. §§ 327(a), 363(b), 364, 365(a), 554 and 1129.

5. The appellees cite Bankruptcy Rule 9001(5) as an additional source of the bankruptcy court's power to designate Brandt. We agree with Fredricks that this definitional section alone does not give the bankruptcy court authority, but we also note that the phrase "any other person in control" indicates that designation by the court of an outside party such as Brandt may be proper.

*FSC Corp.*, 38 B.R. 346 (Bankr.W.D.Pa. 1983), in which the bankruptcy court designated an outside party to act for the Chapter 11 debtor in possession. *FSC* is distinguishable, however, in that the debtor had no Board of Directors or officers when its petition was filed. Nevertheless, *FSC* is analogous to our case because when Fredricks consented to be replaced by Brandt, a vacancy was in effect created.

Fredricks claims that no matter what Brandt is called, he is functioning as a "trustee"—though he was not appointed to this position through the regular statutory procedure. *See* 11 U.S.C. § 151104 *et seq.* However, rather than joining Fredricks in objecting to Brandt's designation, the United States Trustee *agrees* with the appellees that its authority has not been usurped in this case. Neither the United States Trustee nor the appellees advocate the redesignation procedure in lieu of trustee appointments on a general basis, but they acknowledge—as does this Court—that it was an appropriate exercise of the bankruptcy court's authority in the particular circumstances of this case.

■ Thus, the bankruptcy court did not err in refusing to vacate the August 30, 1983 order on the grounds that the order exceeded the court's authority. We also find that the court did not clearly err when it declined to appoint a trustee or redesignate Fredricks as the person in control of Gaslight. The appointment of a trustee in Chapter 11 cases is governed by 11 U.S.C. § 151104(a).[6] The bankruptcy court found that no credible evidence had been present-ed to show cause for the appointment of a trustee or that such an appointment would be "in the interests of creditors, any equity security holders, and other interests of the estate." The court also ruled that Fredricks' motion to be redesignated as the person to act for the debtors was without foundation and contrary to the interests of the estate and the different parties. These rulings are supported by the evidence, so we will not disturb them.

## III.

■ Fredricks also appeals from the bankruptcy court's denial of his motion to substitute attorneys for Gaslight. The short answer to this appeal has already been provided by the bankruptcy court: "Since Brandt has the exclusive authority to employ or to terminate all agents of Debtors under the August 30, 1983 order, the Board of Directors no longer has such authority and therefore, the Application to Retain Substitute Counsel must be denied."

Even if Fredricks could properly move for substitution of counsel and notwithstanding Levit's excellent abilities and fine professional reputation, a change in attorneys is not necessary or appropriate under the circumstances of this case. Since its bankruptcy petition was filed, of course, Gaslight and its management may no longer retain and discharge lawyers as freely as it could outside the bankruptcy proceedings. Rather, employment of attorneys is governed by 11 U.S.C. § 327, which requires court approval of any such employment.[7]

---

**6.** Section 151104(a) provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

**7.** Section 327(a) provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist

The bankruptcy court did not clearly err in withholding approval of Fredricks' proposed substitution. Missner, the attorney for Gaslight, had a duty of representation only to the corporate debtor in possession. Gaslight's interests differed or conflicted occasionally with the interests of Fredricks, just as they at times differed or conflicted with the interests of the creditors or other shareholders. The evidence indicates that Missner has acted consistently in Gaslight's interests, attempting to maximize the estates for the benefit of all parties in interest. The bankruptcy court was thus justified in determining that substitution of counsel was inappropriate.[8]

Accordingly, the April 4, 1984 order of the bankruptcy court denying Fredricks' two motions is affirmed. It is so ordered.

the trustee in carrying out the trustee's duties under this title.

**8.** We need not discuss at length all the actual or potential conflicts of interest the parties have associated with both Levit and Missner. Suffice it to say that we believe the evidence suggests that Missner is at least as free of conflicts as Levit, thus lending further support to the bankruptcy court's refusal to substitute counsel.