In re WATSON–MAHANEY, INC., Debtor.

SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

Robert J. MAHANEY, Gail Mahaney, Michael J. Watson, Marilyn Watson, Salt Creek Associates, Inc., Gailmar Associates, Inc., Nuway Waterproofing, Inc., and Watson & Mahaney Waterproofing Company Inc., Defendants.

Bankruptcy No. 85 B 4665.
Adv. No. 86 A 952.

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 3, 1987.

T. Scott Leo, Pretzel & Stouffer, Chartered, Chicago, Ill., for plaintiff.

Thomas J. McCracken, Jr., McCracken & Walsh, Chicago, for defendants.

## MEMORANDUM OPINION AND ORDER ALLOWING MOTION OF SAFECO INSURANCE COMPANY OF AMERICA TO REMAND

JACK B. SCHMETTERER, Bankruptcy Judge.

This cause was removed by Defendants from the United States District Court for the Northern District of Illinois. Plaintiff has moved to remand, and that motion is granted.

### FACTS

On June 20, 1986 Safeco Insurance Company of America ("Safeco") filed a four-count Complaint against Robert J. Mahaney, Gail Mahaney, Michael J. Watson, Marilyn Watson, Salt Creek Associates, Inc., Gailmar Associates, Inc., Nuway Waterproofing, Inc., and Watson & Mahaney Waterproofing Company, Inc. in the United States District Court. Jurisdiction in that court was based on diversity of citizenship.

Counts I and II of the Complaint concern an Agreement of Indemnity in favor of Safeco executed by Robert J. Mahaney, Gail Mahaney, Michael J. Watson, and Marilyn Watson ("Individual Indemnitors") on December 27, 1979. The Agreement of Indemnity was executed in consideration of the issuance of surety bonds by Safeco on behalf of Watson-Mahaney, Inc. ("Debtor").

Safeco alleges that the Individual Indemnitors have failed and refused to meet their obligations under the terms of the Agreement of Indemnity. Under Count I of the Complaint, Safeco seeks specific performance by the Individual Indemnitors of their obligations under the Indemnity Agreement. Count II alleges breach of the Indemnity Agreement and seeks appropriate damages.

Counts III and IV concern an Agreement of Indemnity in favor of Safeco executed by Salt Creek Associates, Inc., Gailmar Associates, Inc., Nuway Waterproofing, Inc., and Watson & Mahaney Waterproofing Company, Inc. ("Corporate Indemnitors") on December 5, 1984. Once again, the agreement of Indemnity was executed in consideration of the issuance of surety bonds by Safeco on behalf of Debtor.

Safeco alleges that the Corporate Indemnitors have failed and refused to meet their obligations under the terms of the Agreement of Indemnity. Under Count III of the Complaint, Safeco seeks specific performance by the Corporate Indemnitors of their obligations under the Indemnity Agreement. Count IV alleges breach of the Indemnity Agreement and seeks appropriate damages.

On April 11, 1985, prior to the filing of the above Complaint, Watson-Mahaney, Inc. ("Debtor") filed its voluntary petition for relief under Chapter 11. Thereafter, on August 22, 1986 Applicants filed their Application for Removal of the Safeco suit from the United States District Court for the Northern District of Illinois to this Court. Applicants claim that the Complaint seeks to enforce alleged guarantees of the Applicants given for the benefit of Debtor. In addition, they claim that the Safeco suit was precipitated by Debtor filing for relief in this Court. Therefore, Applicants contend that the Safeco suit is a case relating to Debtor's case under Title 11 and as such could be removed to this Court pursuant to Local District Court Rule 2.33.

Safeco responded on September 10, 1986 by Motion to Remand the Safeco suit to the District Court. Safeco first argues that the Application for Removal was not timely filed by Applicants. In addition, Safeco

claims that this Court has no jurisdiction over the Safeco suit since that suit is not related proceeding under 28 U.S.C. § 157(c)(1). Hence, Safeco prays that this Court remand the Safeco suit to the District Court.

## DISCUSSION

### 1. REMOVAL WAS UNTIMELY.

■ Once a timely request is made in the Bankruptcy Court and a copy of the application for removal is filed in the District Court, removal is automatic. *Raff v. Gordon,* 58 B.R. 988, 990 (E.D.Pa.1986). However, in the present case timeliness of the removal is at issue.

In Applicants' Reply Memorandum (p. 2), 28 U.S.C. § 1452(a) is cited as the relevant removal statute. That removal statute provides:

CHAPTER 89—REMOVAL OF CASES FROM THE STATE COURTS

§ 1452. Removal of claims related to bankruptcy cases (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's policy or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

That statute was enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), and became effective on July 10, 1984. It effectively repealed 28 U.S.C. § 1478(a), which had been enacted earlier as part of the Bankruptcy Reform Act of 1978. That earlier removal statute had provided that:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such governmental unit's policy or regulatory power to the *bankruptcy court* for the district where such civil action is pending if the *bankruptcy courts* have jurisdiction over such claim or cause of action. (emphasis added).

The Bankruptcy Amendments and Federal Judgeship Act of 1984 made fundamental changes in the Bankruptcy Court structure existing when 28 U.S.C. § 1478(a) was enacted. Likewise, Rule 9027 of the Bankruptcy Rules which became effective on August 1, 1983, prior to the effective date of the BAFJA amendments, was geared specifically to 28 U.S.C. § 1478(a). Safeco claims that applicants did not comply with the timing requirements of Rule 9027. However, since Rule 9027 was geared to the former removal statute, it no longer applies. *See Raff v. Gordon,* 58 B.R. 988, 991 (E.D.Pa.1986); *Allen County Bank & Trust Co. v. Valvmatic International Corporation,* 51 B.R. 578, 581 (N.D.Ind. 1985); *Helena Chemical Company v. Manley,* 47 B.R. 72 (Bankr.Miss.1985).

Nevertheless, a recent decision of the District Court for the Northern District of Illinois held that the mandatory time limit set forth in 28 U.S.C. § 1446, governing removal of diversity cases to the District Court, applied to 28 U.S.C. § 1452, governing removal of bankruptcy matters to the District Court. *State Bank of Lombard v. Chart House, Inc.,* 46 B.R. 468, 473 (N.D. Ill.1985). Judge Bua articulated three reasons for the conclusion that § 1446's 30-day mandatory time limit for removal applied to § 1452 removal: (1) since § 1452 is silent regarding time limitations, and since federal law controls in situations concerning removal of state court actions in bankruptcy-related cases, the general federal removal statute, § 1446, applies; (2) no legislative history exists to support an argument that § 1452 was enacted to avoid § 1446's restrictions; and (3) debtors who bring bankruptcy proceedings more than 30 days after a complaint is served in a state court may rely on the automatic stay to protect property which is the subject of a state court action. *Id.* at 473.

■ Applicants were served with a copy of the Summons and Complaint in Cause Number 86 C 4496 in the United

States District Court for the Northern District of Illinois on June 25, 1986. The Application for Removal was first filed in this court on August 22, 1986. This filing fails to comply with the 30–day mandatory time limit of § 1446. Therefore, if this cause had been properly brought before this Court on an Application for Removal, the cause would be remanded to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1452(b).[1]

## 2. REMOVAL WAS IMPROPER.

■ However, an Application for Removal is not the appropriate procedure for bringing this matter before this Court. 28 U.S.C. § 1452 is included within CHAPTER 89—REMOVAL OF CASES FROM STATE COURTS. As such, it provides removal from state courts, not from federal district courts. *Helena Chemical Co. v. Manley*, 47 B.R. 72, 75 (Bankr.N.D.Miss.1985).

*Helena* was procedurally similar to the present case. Defendants sought removal of a District Court action to the Bankruptcy Court. The court determined that the application to remove was not well taken since § 1452(a) did not provide a basis for removal from a federal district court. *Id.* at 75. The court also held that the general order of reference entered by the District Court pursuant to the authority granted by 28 U.S.C. § 157(a) was insufficient to refer a pending related matter action filed in the district court to the bankruptcy court for that same district. The court concluded that the proper procedural method to have the case litigated in the bankruptcy court was for the defendants to petition the district court for a specific order of reference of the case to the bankruptcy court pursuant to 28 U.S.C. § 157(a). *Id.* at 75. Therefore, this case was improperly removed here.

## 3. THIS COURT LACKS CORE JURISDICTION.

Also at issue is whether this Court has jurisdiction over the suit. Safeco claims that the District Court suit is not related or a core proceeding, and that this Court has no jurisdiction to hear it. Applicants claim that the suit in the District Court is a core proceeding which this Court can hear and determine. In the alternative, they claim that it is a related proceeding which this Court has jurisdiction to hear without making a final determination.

Defendants contend that the District Court suit is a core proceeding under either 28 U.S.C. § 157(b)(2)(A) or (b)(2)(0). § 157(b)(2)(A) includes within the definition of a core proceeding "matters concerning the administration of the estate." § 157(b)(2)(O) refers to "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship."

■ Core proceedings include most matters which are integral to the adjudication of bankruptcy or were traditionally before the bankruptcy court. *Gaslight Club, Inc. v. Official Creditors' Committee*, 46 B.R. 209, 211 (N.D.Ill.1985). The purpose behind the core proceedings' classification in the 1984 Bankruptcy Amendments is to distinguish between those matters in which bankruptcy judges can exercise broad jurisdiction and those matters in which they can exercise only limited discretion. *Matter of Rustic Manufacturing, Inc.*, 55 B.R. 25, 28 (Bankr.Wis.1985).

■ In Applicants' Memorandum, they claim that allowing the Safeco suit to proceed in the District Court will have a significant detrimental impact on Debtor's chances to reorganize. However, Debtor is not even one of the eight parties in the Safeco suit. It is true that one of the Applicants, Robert Mahaney, is a key officer of Debtor. He claims that 100% of his efforts are required to assist the Debtor's

---

**1.** Under § 1452(b), the Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

reorganization. However, these claims do not lead this Court to conclude that the Safeco suit is a core proceeding.

The Safeco suit is an indemnity action against nondebtor indemnitors. In similar cases, bankruptcy courts in Ohio and Mississippi have determined that creditors' suits against guarantors of the debtors' debts are not core proceedings. *See In re Showcase Natural Casing Co., Inc.,* 54 B.R. 142 (Bankr. Ohio 1985); *Helena Chemical Company v. Manley,* 47 B.R. 72 (Bankr.Miss.1985). Likewise, Safeco's indemnity action is not integral to the adjudication of bankruptcy and is not a core proceeding under 28 U.S.C. § 157.

### 4. AUTHORITY OF THIS COURT TO REMAND.

■ One issue not briefed by the parties is whether this Court has authority to enter an order of remand. Cases in which Bankruptcy Courts have determined they possess such authority have concluded that remand is a core proceeding which involves a matter concerning the administration of the estate under § 157(b)(2)(A), *In re Mill-Craft Bldg. Systems, Inc.,* 57 B.R. 531 (Bankr.E.D.Wisc.1986); the general order of reference under § 157(a) grants such authority, *In re Morris,* 55 B.R. 615 (Bankr.N.D.Tex.1985); or, the order of remand is not a final order because it does not dispose of the case on the merits but is interlocutory in nature and does not require District Court approval. *In re Kennedy,* 48 B.R. 621 (Bankr.Ariz.1985).

The opposing view is that an order of remand is not appealable, and because Bankruptcy Judges are not Article III Judges such orders must be entered by the District Court. *See In re Newman,* 61 B.R. 27, 14 B.C.D. 584 (Bankr.N.Mex.1986); *In re Nilsson,* 42 B.R. 587 (Bankr.C.D.Calif.1984). In *Hillyard Farms v. White County Bank,* 52 B.R. 1015, 1019 (S.D.Ill. 1985), the District Court held that all remand orders must be signed by a District Court judge because the language of 28 U.S.C. § 1452 specifically provides that cases are removed to the District Court and

remand is made by the District Court. *Id.* at 1019.

This Court concludes that, as a unit of the District Court, it possesses the authority to enter orders of remand under the general order of reference entered by this District Court.

In a recent decision involving removal rather than remand, Judge Aspen of this District Court held in a lengthy and scholarly opinion that state actions may be removed directly to the Bankruptcy Court. *In re Gianakas,* 56 B.R. 747, 751 (N.D.Ill. 1985). He reasoned that removal "to the District Court" implied removal to the corollary bankruptcy "unit" of the District Court as defined in 28 U.S.C. § 151 in the light of the broad general order of reference issued by this District Court pursuant to § 157(a). *Id.* at 751. Judge Aspen premised his conclusion from the Congressional intent of § 151, § 157 and § 1452(a) that bankruptcy judges could hear cases removed from the state courts; that Congress created the Bankruptcy Court as a unit of the District Court; and, that Congress wanted to maintain continuity of the bankruptcy system while remaining faithful to the teachings of *Northern Pipeline. Id.*

The District Court noted that the change in the repealed removal provision (§ 1478) from "to the bankruptcy court" to "in the District Court" in new § 1452 is insignificant. *Id.* at 752. That change in language merely reflected Congressional recognition that the bankruptcy court was no longer a separate jurisdictional entity but rather a unit of the District Court. *Id.* Accordingly, removal to the Bankruptcy Court was tantamount to removal to the District Court. Likewise it can be reasoned that remand by the Bankruptcy Court is the same as remand by the District Court.

Judge Ginsberg of this Court has come to a different conclusion. *Ronald J. Pankau v. First State Bank of Harvard,* 65 B.R. 204 (Bankr.N.D.Ill.1986).

If for any reason this Court lacks jurisdiction to remand, this opinion when con-

sidered by the District Court will stand as the recommendation of this Court for remand. However, since the very effect of remand is to present this matter back to the District Court, it can hardly be said that Defendants are being deprived of their right to appeal or review by an Article III Court. So if there is constitutional infirmity in the entry of remand orders by the Bankruptcy Court to State Court, the logic for that conclusion does not apply here.

### CONCLUSION

By reason of the foregoing, it is not necessary to reach the remaining issue whether this Court would have related jurisdiction should the case properly come here. The case was untimely and improperly removed here and it must be returned to the District Court. This Court will lack core jurisdiction if the case is referred here.