**In re TANDEM ENTERPRISES, LTD., Debtor.**

**E.F. WONDERLIC AND ASSOCIATES, Plaintiff,**

v.

**PARMA, INC. and Pamjit Sood, Defendants.**

**Bankruptcy Nos. 87 B 15510, 90 A 0388.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 4, 1991.

---

Jeffrey K. Gutman, Heldrich, Gutman & Associates, Chicago, Ill., for plaintiff.

Richard H. Trais, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

SUSAN PIERSON SONDERBY, Bankruptcy Judge.

This matter comes before the Court on the Motion for Summary Judgment, and the Statement of Facts Pursuant to District Court Rule 12(*l*) in Support of the Motion for Summary Judgment filed by E.F. Wonderlic and Associates ("Wonderlic"), the Rule 12(m) Response to Wonderlic's Statement filed by Parma, Inc. and Pamjit Sood ("Parma" or the "Defendant"), and Parma's Response to Wonderlic's Motion for Summary Judgment, and Wonderlic's Reply to Parma's Response.[1] For the reasons set forth below, the Court, after considering the pleadings, exhibits, and memoranda filed, hereby declines to consider Wonderlic's Motion for Summary Judgment because the Removal Application is untimely. Additionally, this Court lacks jurisdiction to rule on Wonderlic's Motion for Summary Judgment, and therefore remands this cause to the state court for further proceedings.[2]

## FACTS

This dispute is between two creditors of the Debtor over property leased to the Debtor. The Debtor, however, conveyed this property prior to filing bankruptcy. The creditors now request that the Court determine who is entitled to the property.

On or around December 15, 1983, the Debtor, Tandem Enterprises, Ltd. ("Tandem"), executed an Agreement entitled "Lease Agreement" ("Agreement") with Deerbart Financial Services, Co. ("Deerbart"). The Agreement purportedly leased certain equipment to the Debtor. On or

1. The court notes that both parties have failed to file briefs in support of their respective position regarding jurisdiction, removal, or summary judgment. Rather, the parties rely on unsupported allegations with little or no case authority.

2. A case is removed to the district court when it is removed to a unit thereof—i.e. the bankruptcy court. *In re Gianakas,* 56 B.R. 747, 751 (N.D.Ill.1985). The Judiciary Act provides that "any court to which such claim or cause of action is removed may remand such claim or cause of action." 28 U.S.C. § 1452(b). Thus, a bankruptcy court may remand a cause of action as a unit of the district court. *In re Watson–Mahaney, Inc.,* 70 B.R. 578, 582 (Bankr.N.D.Ill. 1987); *see also* 28 U.S.C. § 151 (designating bankruptcy court as a unit of the district court). Section 1452(b) was amended in 1990 to identify the district court as the higher level to hear appeals from bankruptcy court remands. The amendment thus strengthens the bankruptcy court's authority to order remands by providing a clear and immediate avenue of appeal. Pub.L. 101–650, Title III, Section 309(c) (1990).

around the same day, Deerbart assigned all its interest to Wonderlic, who then purportedly recorded the assignment on December 27, 1983.

Six months later Tandem sold certain assets including those that Wonderlic allegedly owned to Parma, who in turn executed a promissory note payable to Tandem in the amount of $25,497. The sale agreement purports to transfer the assets free and clear of all liens and encumbrances including Wonderlic's alleged perfected security interest.

On October 21, 1987, four months after the sale to Parma, Tandem filed its Voluntary Petition for relief. The Court lifted the automatic stay on April 22, 1988, at Wonderlic's request, to allow it to proceed against Parma to recover its assets. Wonderlic filed an Amended Complaint in the Circuit Court of Cook County, Municipal Department, First District, on June 7, 1989, against Parma, Inc. d/b/a Illinois Tempo Restaurant and Nerinderpac S. Sood. Just under a year later, Wonderlic filed an Application for Removal and Removal Complaint with the Bankruptcy Court on May 15, 1990. Wonderlic now moves for summary judgment against Parma.

## DISCUSSION

Prior to addressing the summary judgment motion, the Court must determine whether this matter is properly before the Court. The Court finds that the Removal Application is untimely and the that the Court lacks jurisdiction to adjudicate the dispute between Tandem's creditors.

## I. THE APPLICATION FOR REMOVAL IS INSUFFICIENT

28 U.S.C. § 1452(a) governs the removal of a state court case to the bankruptcy court. Section 1452 provides:

A party may remove any claim or cause of action in a civil action.... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or

cause of action under section 1334 of this title. (citations omitted).

A removal application must contain a short and concise statement of the facts supporting removal to the bankruptcy court. Bankruptcy Rule 9027(a)(1). Additionally, all process and pleadings filed in the state court must accompany the application. *Id.* Once filed the applicant must serve a copy on all parties to the removed claim or cause of action. The removal is immediate and effective upon the filing of a copy of the application in the court from which the action is removed.

■ The application in this case is insufficient. The applicant, Wonderlic, has failed to attach a copy of all the pleadings filed in the state court. Only the complaint is attached. The summons, answer, orders, and any of the other pleadings filed in state court during the last year are not attached. Therefore, the Court finds that the Removal Application does not comply with Bankruptcy Rule 9027.[3]

## II. THE APPLICATION FOR REMOVAL IS UNTIMELY

Once a timely request is made in the bankruptcy court and a copy of the removal application is filed in the district court, removal is automatic. *In re Watson–Mahaney, Inc.,* 70 B.R. 578, 580 (Bankr.N.D. Ill.1987). Timeliness of removal, however, is an issue in the present case.

Bankruptcy Rule 9027 governs the removal of cases to the bankruptcy court. Specifically, Section (a) of the Rule identifies the period of time within which an application for removal must be filed. Bankruptcy Rule 9027(a)(3) provides:

(3) *Time for Filing; Civil Action Initiated After Commencement of the Case Under the Code.* If a case under the Code is pending when a claim or cause of action is asserted in another court, an application for removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or

---

3. The record is devoid of any evidence demonstrating that Wonderlic filed a bond as required

by Bankruptcy Rule 9027(b).

otherwise, or a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons. (citations omitted)

In an attempt to comply with the directives of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress passed the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA"). BAFJA repealed the prior removal statute, § 1478, and replaced it with 28 U.S.C. § 1452. Section 1452 refers to removal of matters to the district court while § 1478 referred to removal of matters to the bankruptcy court. A minority of courts have taken the position that Bankruptcy Rule 9027 no longer governs removal procedures and that courts must look to 28 U.S.C. § 1446(a) and (b) which only permit "a defendant or defendants" to remove a state court proceeding and which require removal applications to be filed within approximately 30 days from service. *In re Watson–Mahaney, Inc.*, 70 B.R. 578, 580–81 (Bankr.N.D.Ill.1987); *Allen County Bank & Trust Co. v. Valvmatic International Corp.*, 51 B.R. 578, 581 (N.D.Ind. 1985); *State Bank of Lombard v. Chart House Inc.*, 46 B.R. 468, 473 (N.D.Ill.1985). A majority of courts, however, have upheld the continued validity of Bankruptcy Rule 9027 even after BAFJA. *In re Revco D.S., Inc.*, 99 B.R. 768, 771–72 (N.D.Ohio 1989); *In re Aztec Industries, Inc.*, 84 B.R. 464, 468 (Bankr.N.D.Ohio 1987); *In re Pacor, Inc.*, 72 B.R. 927, 930–31 (Bankr.E.D.Pa. 1987); *In re Eagle Bend Development*, 61 B.R. 451, 458 (Bankr.W.D.La.1986); *In re Philadelphia Gold Corp.*, 56 B.R. 87, 90 (Bankr.E.D.Pa.1986). This court adopts the majority view.

■ It is difficult from the pleadings to discern the exact date the state court complaint was served on the Defendants. However, the facts demonstrate that the Defendants have participated in the state court action for almost one year; a period of time well in excess of 30 days after

service. The failure of the Plaintiff to remove this cause within 30 days of serving the Defendant runs afoul of Bankruptcy Rule 9027. Thus, the Removal Application is untimely.

Even if the Court were to apply § 1446, the Removal Application would still be untimely. Like Bankruptcy Rule 9027(a)(3), § 1446 requires a removal application to be filed within 30 days of the defendant having received service of the initial pleading filed. As explained, the parties have participated in the state court action for almost one year. Thus, the Removal Application is also untimely under § 1446.

## III. THE COURT LACKS JURISDICTION

■ Removal of a claim or cause of action to this Court is proper only if this Court has jurisdiction over such a removed claim or cause of action, pursuant to §§ 1334 and 157. 28 U.S.C. § 1334 grants jurisdiction to the bankruptcy courts if a proceeding arises under, arises in a case under, or is related to a case under Title 11. These phrases operate conjunctively to define the scope of jurisdiction. *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is necessary to determine only whether a matter is at least "related to" the bankruptcy. The Code does not define "related" matters, but the Seventh Circuit has held that a dispute is "related to" the bankruptcy if that dispute "affects the amount of property available for distribution or the allocation of property among creditors." *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987).

In *Xonics,* the debtor's estate abandoned an escrow account. Two creditors entitled to proceeds from the escrow account disputed the amount each was to receive. One creditor asked the court to adjudicate the dispute between parties. The bankruptcy judge held that the property had been abandoned by the debtor's estate and thus was no longer subject to the court's jurisdiction. *Id.* at 129.

On appeal, the Seventh Circuit Court of Appeals agreed. The court noted that bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims of the debtor's assets and extends no further. *Id.* at 131. The court observed that the dispute between the creditors did not involve the identification of the debtor's property interests. *Id.* Therefore, the court concluded that unless the disposition of non-debtor assets affects other creditors of the debtor, there is no reason for bankruptcy court jurisdiction to continue. *Id.* at 132.

Likewise, Wonderlic's Complaint is clearly beyond the scope of this Court's jurisdiction. This dispute is between two creditors of the Debtor over property the Debtor conveyed pre-petition. The dispute does not concern property of the estate nor does the outcome appear to affect other creditors. Furthermore, Wonderlic's suit is not based on any right created by federal bankruptcy law. It is based on state created rights between two creditors over property that the Debtor conveyed pre-petition. Finally, Wonderlic's suit is not an action that could arise only in the context of a bankruptcy. Rather, it is simply a contract action that, in the absence of a Chapter 11 proceeding, would have been brought in state court.

## CONCLUSION

It is clear from the language of Bankruptcy Rule 9027 that the Plaintiff has failed to timely remove this cause. Furthermore, this Court lacks jurisdiction to hear this matter. Therefore, the Court remands this action to state court for further disposition.