In re **EXCHANGE PARTS OF AMERICA, INC.**

**Linda Purifoy DRIGGERS, Plaintiff,**

v.

**EXCHANGE PARTS OF AMERICA, INC., Defendant.**

**Bankruptcy No. 91 B 12247S.
Adv. No. 92–6504F.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

March 18, 1992.

Willie E. Perkins, Jr., Malvern, Ark., for plaintiff.

Steven Durand, Little Rock, Ark., for defendant.

## ORDER OF REMAND

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Application for Removal filed by the debtor. The defendant, a debtor in the Bankruptcy Court in the United States Bankruptcy Court for the Northern District of Illinois, removed this action from the Circuit Court of Clark County, Arkansas, Case No. CIV 91–234.

■ Upon the filing of a timely Notice of Removal this document, the matter is removed. *E.F. Wonderlic and Associates v. Parma, Inc. (In re Tandem Enterprises, Ltd.)*, 124 B.R. 283 (Bankr.N.D.Ill.1991). The Court need not sign an order approving the Notice. Just as a civil action is commenced upon the filing of a complaint, Fed.R.Civ.Proc. 3, a case is commenced in the federal district or bankruptcy court upon the timely filing of the Notice of Removal.

■ In December 1990, an amendment to 28 U.S.C. § 1452 (Removal of claims related to bankruptcy cases) was signed into law. With the passage of Section 309(c) of the Judicial Improvements Act of 1990, Section 1452(b) was amended to allow the bankruptcy court to enter a binding order regarding remand. *See generally Dickinson v. Duck (In re Borelli)*, 132 B.R. 648 (N.D.Cal.1991). Further, it has been noted that a "bankruptcy court has a 'much broader range of discretion' in deciding motions to remand in the bankruptcy context than under 28 U.S.C. § 1447(c), the general removal statute." *O'Rourke v. Cairns*, 129 B.R. 87, 89 (E.D.La.1991). Upon the filing of a notice of removal, the Court is required to review the notice and determine whether jurisdiction is proper. *Strange v. Arkansas–Oklahoma Gas Corp.*, 534 F.Supp. 138, 139 (W.D.Ark. 1981). If the matter does not properly rest with the court, "[t]he court to which such claim or cause of action is removed *may remand* such claim or cause of action *on any equitable ground.*" 28 U.S.C. § 1452(b) (emphasis added). There is no requirement in section 1452 that a motion be made by any party. Indeed, it is the duty of every court to determine its jurisdiction over the subject matter. Thus, this Court may, upon its own motion, remand the matter to the state court. *See Strange*, 534 F.Supp. at 139; *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986).

■ Whether removal is appropriate is governed by Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452(a). Rule 9027 provides in pertinent part:

(3) *Time for Filing; Civil Action Initiated After Commencement of the Case Under the Code.* If a case under the Code is pending when a claim or cause of action is asserted in another court, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Rule 9027(a)(3), Federal Rules of Bankruptcy Procedure. The chapter 11 bankruptcy proceeding was filed on June 7, 1991. The complaint in this adversary proceeding was filed on October 8, 1991, in the Circuit Court of Clark County, Arkansas. The state file in this matter indicates that service of the summons and complaint was made upon the defendant on or about October 11, 1991. The defendant filed a "Suggestion of Bankruptcy" with the circuit clerk, on or about October 21, 1991, thereby demonstrating that the summons and complaint were served or, at least, the complaint was "otherwise received" within the meaning of Rule 9027.

Pursuant to Rule 9027(a), the debtors were required to file any Notice of Remov-

al no later than November 11, 1991.[1] The instant application for removal was not filed until January 31, 1992, more than two months past the time for filing a notice of removal. Accordingly, removal to this Court was not timely and may not be maintained.[2] *See E.F. Wonderlic and Associates v. Parma, Inc.,* 124 B.R. at 286; *Jandous Electric Construction Corp v. City of New York,* 106 B.R. 48 (Bankr.S.D.N.Y. 1989). The matter will be remanded to the state court for further proceedings not inconsistent with the bankruptcy code.

ORDERED that this cause is REMANDED to the Circuit Court of Clark County, Arkansas.

IT IS SO ORDERED.

---

1. November 10, 1991, the thirtieth day, fell on a Sunday in 1991.

2. Other considerations require that the matter be remanded to state court. Although it has been asserted that this case may concern property of the estate, the issues involved are purely state law matters. The dispute is not so related to the bankruptcy case that it need be heard by this Court. *See generally Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga.1989); *see also O'Rourke v. Cairns,* 129 B.R. 87 (E.D.La.1991). The same facts and rationale which supports the *Cook* decision to abstain are found here.