**In re BRI–TECH SYSTEMS, INC., Debtor.**

**Bankruptcy No. 892–80826–20.**

United States Bankruptcy Court, E.D. New York.

Aug. 31, 1993.

Joseph C. Scibilia, Deegan & Scibilia, pro se Movant.

Mitchell J. Birzon, Steve November, Sherri N. Robinson, Lustig & Brown, Buffalo, NY, for respondent, Excelsior Ins. Co.

Marilyn Frier, Chapter 7 Trustee, Woodmere, NY.

Parker, Chapin, Flattau & Klimpl, New York, NY, for debtor.

### ORDER DENYING MOTION

ROBERT JOHN HALL, Bankruptcy Judge.

Before the Court is a motion by the firm of Deegan & Scibilia, Esqs. ("Deegan & Scibilia"), for an order relieving the firm as

attorneys for Bri–Tech Systems, Inc. ("Bri–Tech"), the above-referenced debtor.

## RELEVANT FACTS AND LEGAL DISCUSSION

On February 14, 1992, Bri–Tech filed a voluntary petition for relief under chapter 11 of title 11, United States Code ("Bankruptcy Code"). On or about March 4, 1992, the Court signed an order authorizing Bri–Tech to retain the law firm of Parker, Chapin, Flattau & Klimpl ("Parker, Chapin") as attorneys for the debtor.

On or about May 11, 1993, the Court granted a motion for relief from the automatic stay so Excelsior Insurance Company ("Excelsior Insurance") could go forward with its pending action against Bri–Tech in New York Supreme Court, Suffolk County ("State Court Action"). The State Court Action involves a dispute between Excelsior Insurance and Bri–Tech regarding the insurance company's duty to defend Bri–Tech in a state court negligence and/or personal injury action. Deegan & Scibilia represent Bri–Tech in an aspect of the State Court Action which focuses upon whether Bri–Tech's insurance company may deny coverage.

Deegan & Scibilia have not appeared or been retained by order of the Court as attorneys of record for Bri–Tech. Contrarily, as stated, Parker, Chapin have received an order authorizing their retention as attorneys for Bri–Tech. Accordingly, Parker, Chapin are the attorneys of record for Bri–Tech, the debtor; and Deegan & Scibilia are the attorneys of record for Bri–Tech, the state court litigant.

The relief demanded by Deegan & Scibilia is: "An order relieving Deegan & Scibilia, Esqs., as attorneys of record for Bri–Tech Systems, Inc., in an underlying action." Notice of Motion for Withdrawal of Attorneys of Record, dated May 13, 1993, filed by Deegan & Scibilia.

The relief requested by Deegan & Scibilia clearly pertains to the representation of Bri–Tech in the State Court Action before the Suffolk County Supreme Court. This Court cannot affect (let alone sever) the attorney-client relationship between Deegan & Scibilia and Bri–Tech; this relationship was created under and is governed by New York law. N.Y.Civ.Prac.L. & R. 321(b)(2) ("An attorney of record may withdraw or be changed *by order of the court in which the action is pending,* upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct.") (emphasis added). Why Deegan & Scibilia have moved in this Court to be relieved in the "underlying" State Court Action, notwithstanding a provision in the New York Civil Practice Law and Rules governing this very relief, is a mystery.

This Motion does not constitute a core proceeding, *see* 28 U.S.C. § 157(b)(2); nor does this Motion constitute a matter related to the above-referenced case under the Bankruptcy Code; *see* 28 U.S.C. § 1334(c)(1). The focus of the Motion concerns the relationship between a state court litigant, Bri–Tech, and its attorneys, Deegan & Scibilia. This is a contractual relationship governed by judicial and statutory state law. There is no nexus between this bankruptcy case and the attorney-client relationship between Bri–Tech and Deegan & Scibilia. Indeed, there is no nexus between this case and the State Court Action. Furthermore, the relief requested is not related to this case. For these and the above reasons, the Court lacks the jurisdiction necessary to entertain the Motion and accord relief. *E.g., Turner v. Ermiger (In re Turner),* 724 F.2d 338, 341 (2d Cir.1983) (matter must have "significant connection" to bankruptcy case for district, and therefore, bankruptcy courts to exercise "related to" jurisdiction); *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 787 (11th Cir.1990) (nexus between bankruptcy case and related civil proceeding is required for bankruptcy court to have subject matter jurisdiction); *see E.F. Wonderlic and Assocs. v. Parma, Inc. (In re Tandem Enters., Ltd.),* 124 B.R. 283, 287 (Bankr.N.D.Ill.1991) (bankruptcy court lacks jurisdiction over claims and rights based upon state law which would

not be in bankruptcy court absent bankruptcy proceeding).

This matter has simply nothing to do with the estate of Bri–Tech; it only concerns the right of Deegan & Scibilia to be relieved as attorneys for a New York State court litigant. Accordingly, since this is a non-core, non-related proceeding, expressly governed by a New York procedural law, the Court is without jurisdiction. 28 U.S.C. §§ 157(a), 157(b)(2), 157(c)(1), 1334(b). Without jurisdiction, the Court must hold that the relief requested and the Motion be **DENIED.**