**In re TEXACO, INC., Texaco Capital Inc. Texaco Capital N.V., Debtors.**

**Bankruptcy Nos. 87 B 20142–87 B 20144.**

United States Bankruptcy Court,
S.D. New York.

Jan. 13, 1988.

Weil, Gotshal & Manges, New York City, for debtors.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for The Chase Manhattan Bank.

Kronish, Lieb, Weiner & Hellman, New York City, for New York Life Ins. Co.

Kramer, Levin, Nessen, Kamin & Frankel, New York City, for General Committee.

Keck, Mahin & Cate, Chicago, Ill., for Equity Committee.

## DECISION ON MOTION BY CHASE MANHATTAN BANK FOR RELIEF FROM AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

On January 12, 1988, precisely nine months after Texaco Inc. and its two financial subsidiaries filed with this court on April 12, 1987 their jointly administered petitions for reorganizational relief under Chapter 11 of the Bankruptcy Code, a hearing was held with regard to the motion by Chase Manhattan Bank ("Chase") for relief from the automatic stay. Chase, as Indenture Trustee with respect to Texaco Capital Inc.'s 10.75% Extendible Notes issued under an Indenture dated August 24, 1984 (the "Notes") seeks modification of the automatic stay solely for the limited purpose of being allowed to deliver a Notice of Accleration of the Notes to the debtor. Texaco Inc. is the guarantor of the Notes issued by Texaco Capital Inc.

January 15, 1988 is the first date of a new interest period. Pursuant to Section 6 on the reverse side of the Notes, the holders have the right to elect an option for repayment of the Notes on January 15, 1988, of a repayment price equal to the principal amount thereof, together with interest payable to January 15, 1988. In order to exercise such option, the holder must tender its Note to the debtor on or before December 31, 1978.

On December 15, 1987, Chase received an Officers' Certificate from Texaco Capital Inc. which stated, among other things, that "but for the Chapter 11 filing" Texaco Capital Inc. would have established a reduced interest rate of 8.25% instead of the previously required interest rate of 10.75% for the period commencing on January 15, 1988 and ending on January 14, 1989.

The debtors had previously entered into a stipulation with Chase, which was "So Ordered" by this court, permitting the holders of the Notes to tender their Notes without violating the automatic stay. The stipulation preserved the rights of all parties with respect to the Notes and their arguments as to the effect of any such tender.

Pursuant to Section 6.02 of the Indenture, upon the occurrence and continuation of an Event of Default, Chase, as Indenture Trustee, may declare the principal and accrued interest on all Notes to be due and payable immediately. On July 15, 1987, Texaco Capital Inc. did not make its semi-annual payment of interest on the Notes due to the filing of its Chapter 11 petition on April 12, 1987.

Chase seeks to deliver a Notice of Acceleration of the Notes to Texaco Capital Inc. and to the guarantor, Texaco Inc. The purpose of the Notice would not be to enforce collection at this time, but only to preserve whatever rights the holder of the Notes may have, including the right to receive post-petition interest from the debtors, who have consistently maintained that they are solvent.

## DISCUSSION

In Chase's previous motion for the same relief this court ruled that Chase could not use the debtors' filing of their Chapter 11 petitions as an act of default which would justify relief from the automatic stay so as to allow Chase to file a Notice of Acceleration. *In re Texaco*, 73 B.R. 960 (Bankr.S. D.N.Y.1987). The court observed that the filing of a bankruptcy petition automatical-

ly accelerated the principal indebtedness and that Chase could simply file its proof of claim. In such case, Chase could argue for the higher interest rate applicable before the debtors unilaterally attempted to reduce the interest rates called for on the Notes. The debtors would not, however, be precluded from objecting to the proof of claim and asserting whatever position they might have with respect to the higher interest rate claimed by Chase.

The facts at issue are significantly different than when Chase filed its first motion with respect to the Extendible Notes due in 1999. There was no default under these Notes. Therefore, Chase relied upon the *ipso facto* clause in the Indenture which specified the filing of a bankruptcy petition as an act of default. In the instant case, the Extendible Notes due in the year 2000 are already in default as a result of the failure to pay interest due on July 15, 1987. Additionally, nine months have elapsed since the filing of the Chapter 11 cases. The debtors have had time to stabilize their businesses and to file a plan of reorganization which provides for a three billion dollar settlement with Pennzoil, Texaco's largest unsecured creditor, as well as a 100% payment to unsecured creditors, together with interest. In view of the fact that Texaco proposes to pay all unsecured creditors in full, together with prepetition and post-petition interest, there is no reason why Texaco should be allowed to modify the rights of the Noteholders by unilaterally lowering the post-petition interest rate and at the same time preventing the Noteholders from preserving whatever rights they might have to receive post-petition interest pursuant to their original contract. Texaco should not use the automatic stay as a shield when it seeks to take aggressive action to lower interest rates and then prevent the Indenture Trustee from responding to the consequences of Texaco's own conduct.

> The purpose of the [automatic stay] is the protection of the debtor, but when the debtor is in the position of the assailant rather than the victim, the potential for abuse of that purpose is manifest.

*Bohack Corporation v. Borden, Inc., (In re Bohack Corporation)*, 599 F.2d 1160 (2nd Cir.1979).

The response by Chase this time does not violate the policy disfavoring the use of *ipso facto* clauses in bankruptcy because Chase does not predicate its position on a bankruptcy filing. The relief sought by Chase is ministerial in nature; there will be no effort to obtain any immediate enforcement of the Noteholders' rights to the prejudice of other creditors because no payment is sought. The delivery of a Notice of Acceleration without a demand for payment will not give the Noteholders a leg up over other unsecured creditors because no unsecured creditor now seeks to take advantage of a bankruptcy filing as an act of default.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

2. Chase is entitled to a modification of the automatic stay imposed under 11 U.S.C. § 362(a) for the limited purpose of serving upon the debtors a Notice of Acceleration without a demand for payment.

IT IS SO ORDERED.