## In re JANDOUS ELECTRIC CONSTRUCTION CORP., Debtor.

## JANDOUS ELECTRIC CONSTRUCTION CORP., Plaintiff,

v.

## The CITY OF NEW YORK (BMT & IND (Lines), Defendants.

### Bankruptcy No. 88 B 20680. 89 ADV. 6034.

United States Bankruptcy Court, S.D. New York.

Oct. 16, 1989.

Peter L. Zimroth, New York City, for City of New York.

Sidney Turner, P.C., White Plains, N.Y., for plaintiff.

**49**

McDonough Marcus Cohn & Tretter, P.C., New York City, for Jandous Elec. Const. Corp.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The City of New York (the "City") has moved to remand the state court proceeding commenced by the debtor, Jandous Electric Construction Corp. against the City and which was pending in the New York State Supreme Court when the debtor commenced its Chapter 11 reorganization case in this Court on December 1, 1988. The City contends that the debtor's removal of the state court action was untimely because it occurred beyond the 90-day period allowed under Bankruptcy Rule 9027. In addition to other alleged procedural defects, including the argument that the City was never served with a copy of the application for removal, the City reasons that this court must abstain from hearing the removed case because it satisfies all the factors for mandatory abstention under 28 U.S.C. § 1334(c)(2).

### FINDINGS OF FACT

1. On August 12, 1982, the debtor commenced an action against the City in the Supreme Court, New York County, for breach of contract. The debtor sought approximately $700,000.00 in damages with respect to a contract which the debtor had with the City's Transit Authority for construction involving the City's subway system. The City counterclaimed in the amount of $286,000.00 on September 30, 1982. The debtor served its reply to the counterclaim on October 6, 1982.

2. The debtor's state court breach of contract action continued, and various discovery motions and related litigation maneuvers were pursued. The debtor has not yet begun to take depositions. A deposition to be taken by the debtor on November 23, 1988 was adjourned by mutual consent.

3. On December 1, 1988, the debtor filed a voluntary petition with this court under Chapter 11 of the Bankruptcy Code. Simultaneously with the filing of the debtor's Chapter 11 petition, this court entered an *ex parte* order, dated December 1, 1988, at the request of the debtor's counsel confirming the stay of all suits against the debtor in accordance with the provisions of the automatic stay imposed under 11 U.S.C. § 362.

4. On March 29, 1989, which was 118 days after the commencement of the debtor's Chapter 11 case, the debtor filed its application to remove the debtor's pending state court breach of contract action to this bankruptcy court.

5. The debtor requests that if the removal action was not timely filed, the court should consider its opposition to the City's motion as an application for an enlargement of the time for filing a removal application.

### DISCUSSION

Bankruptcy Rule 9027 governs the removal of civil actions pending in nonbankruptcy courts to the bankruptcy court. The time frame for filing removal applications for a pending civil case is expressed in subsection (a)(2) of Rule 9027 as follows:

(2) Time for Filing; Civil Action Initiated Before Commencement of the Case under the Code. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, an application for removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

For civil actions pending in nonbankruptcy courts before a bankruptcy case is commenced, an application for removal must be filed within 90 days after the order for relief, unless an automatic stay under 11 U.S.C. § 362 must be lifted, in which case the applicant has the longest of three alternatives. The third alternative involves the appointment of a trustee in a Chapter 11 case, which is not relevant to this case.

The second alternative is relevant only if an automatic stay imposed under 11 U.S.C. § 362 is implicated. If an automatic stay under 11 U.S.C. § 362 is not involved, the applicant for removal has a fixed 90–day period after the commencement of a voluntary bankruptcy case within which to apply for the removal of a civil proceeding pending in a nonbankruptcy court. Pursuant to 11 U.S.C. § 301, the commencement of a voluntary bankruptcy case constitutes an order for relief under a chapter of the Bankruptcy Code.

In the instant case it is clear that the debtor's initiation, as plaintiff, of a civil suit against the City, as defendant, does not implicate any automatic stay under 11 U.S.C. § 362. A debtor may not use the automatic stay as a sword when the debtor is the plaintiff in a pending nonbankruptcy suit. The purpose of the stay is the protection of the debtor, but when the debtor is in the position of the assailant, rather than the defendant, it would be inequitable to invoke the stay against the defendant's counterclaim, or to permit the debtor to use the stay as a basis for extending the time to remove the state court action to the bankruptcy court. *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1168 (2d Cir.1979); *In re Texaco Inc.*, 81 B.R. 804, 806 (Bankr. S.D.N.Y.1988). The *ex parte* order which this court entered on December 1, 1988, simultaneously with the filing of the debtor's Chapter 11 petition, simply confirmed the binding effect of the automatic stay with respect to pending litigation and has no greater force than the statutory automatic stay.

The manifest time frame for removal of civil causes of action pending in nonbankruptcy courts when a bankruptcy case is filed is 90 days after the order for relief if no automatic stay is involved. Therefore, Rule 9027 is no longer available to the debtor for the purpose of removing to this court its state court litigation against the City, because more than 90 days have elapsed since the order for relief was entered on December 1, 1988.

The debtor's application contained in its response papers for an enlargement of the time to remove the pending state court litigation cannot succeed because Bank-

ruptcy Rule 9006(b), which deals with applications for enlargement of time specifically limits such applications "if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ... [unless] the failure to act was the result of excusable neglect." There being no evidence of excusable neglect, it must follow that the application for an enlargement beyond the 90–day removal period under Rule 9027 is too late.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a).

The determination of the debtor's removal application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The City's motion to remand to the New York Supreme Court, County of New York, the action in that court commenced by the debtor against the City, is granted.

3. The debtor's application for an enlargement of the 90–day removal period prescribed under Bankruptcy Rule 9027 is denied as time-barred.

SETTLE ORDER on notice.