**In re Robert K. LAWSON, Melissa R. Lawson, Debtors.**

**Robin S. Kuydendall, Plaintiff,**

**v.**

**Robert K. Lawson, Melissa R. Lawson, Volunteer Realty Company of Knoxville, Inc., Larry Estep and Sherrie Estep, Defendants.**

**Bankruptcy No. 98–31944.
Adversary No. 98–3116.**

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 14, 1998.

Walker & Walker, P.C., John A. Walker, Jr., Knoxville, TN, for plaintiff.

Lacy & Winchester, P.C., Gordon D. Foster, Knoxville, TN, for Volunteer Realty Company of Knoxville, Inc., Larry Estep, and Sherrie Estep.

Carleton E. Bryant, IV, Rockford, TN, for Robert K. Lawson and Melissa R. Lawson.

### *MEMORANDUM ON MOTION FOR REMAND*

RICHARD STAIR, Jr., Bankruptcy Judge.

The court has before it a Statement and Motion for Remand (Motion) filed by the Defendants Volunteer Realty Company of Knoxville, Inc., Larry Estep, and Sherrie Estep, on October 30, 1998. By their Motion, these Defendants seek to remand this removed action commenced by the Plaintiff, Robin S. Kuykendall, to the Circuit Court for Knox County, Tennessee, where it was pending when the Debtors filed their Chapter 7 petition on April 29, 1998. The Defendants contend that the Plaintiff's removal of the state court action was untimely under FED. R.BANKR.P. 9027. The Defendants also contend that the court does not have jurisdiction of this removed action under 28 U.S.C.A. § 1334 (West 1994) because it does not present the court with a proceeding arising under title 11 or arising in or related to a case under title 11.[1] Alternatively, the Defendants contend that the action should be remanded to the state court on equitable grounds pursuant to 28 U.S.C.A. § 1452(b) (West 1994).

The determination of the Defendants' Motion is a core proceeding under 28 U.S.C.A. § 157(b)(2)(A) (West 1993).

### I

The Plaintiff commenced this action by the filing of a civil warrant in the Knox County General Sessions Court on March 18, 1996, against the Debtors, Sherrie Estep, and Volunteer Realty. After a trial in the General Sessions Court which ended with a June 19, 1996 judgment dismissing her action, the Plaintiff appealed to the Circuit Court for Knox County, Tennessee. On February 11, 1997, the Plaintiff voluntarily dismissed the defendants Sherrie Estep and Volunteer Realty and filed a Motion to Amend Complaint seeking to set out with more specificity the nature and substance of her claims. In July 1997, the Plaintiff joined Volunteer Realty Company of Knoxville, Inc., Larry Estep, and Sherrie Estep as defendants. On August 4, 1997, the Plaintiff filed an Amended Complaint adding the present defendants and setting forth the nature and substance of her claims. Volunteer Realty Company of Knoxville, Inc., Sherrie Estep, and Larry Estep filed a Motion to Dismiss on September 3, 1997, and the Debtors filed a Motion to Dismiss on September 5, 1997. On October 15, 1997, the Plaintiff filed a Notice of Motion

---

1. Contradicting this assertion, the Defendants recite in their Motion that "the instant proceeding is non-core, and they consent to the entry of final orders and judgments by the Bankruptcy Court."

and Motion for Leave to Amend Complaint requesting that she be allowed to file another amended complaint.[2] By her action, the Plaintiff asserts claims against the defendants grounded on fraud in the inducement of a contract, breach of contract, negligent misrepresentation, fraudulent misrepresentation, and violation of the Tennessee Consumer Protection Act in the sale of residential real property.

The Debtors filed the petition commencing their Chapter 7 bankruptcy case on April 29, 1998. They received their discharge pursuant to an Order entered by the court on August 6, 1998. This action was removed to the bankruptcy court pursuant to 28 U.S.C.A. § 1452(a) (West 1994) and Fed.R.Bankr.P. 9027 on October 20, 1998.

## II

Rule 9027 of the Federal Rules of Bankruptcy Procedure governs the removal of civil actions pending in non-bankruptcy courts to the bankruptcy court. The time frame for filing a notice of removal is set forth in subsection (a)(2) of that rule as follows:

> (2) TIME FOR FILING; CIVIL ACTION INITIATED BEFORE COMMENCEMENT OF THE CASE UNDER THE CODE. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed.R.Bankr.P. 9027(a)(2).

█ Pursuant to the above rule, for civil actions pending in state courts prior to the commencement of the bankruptcy case, a party must file an application for removal only within the longest of ninety days after the order for relief, unless an automatic stay must be terminated, in which event the applicant has thirty days after the stay is terminated. A third alternative, which has no application to the present case, relates to the appointment of a trustee in a Chapter 11 case. *See Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr.S.D.N.Y. 1989). The second alternative is relevant only if the automatic stay imposed under 11 U.S.C.A. § 362(a) (West 1993 & Supp.1998) is implicated. Absent implication of the automatic stay, the applicant for removal has a fixed ninety-day period after commencement of the bankruptcy case within which to apply for the removal of the state court proceeding.

In the present case, the Debtors' status in the state court action as a defendant clearly implicates the automatic stay under § 362(a).[3] Therefore, the timeliness issue raised by the Defendants revolves exclusively around the issue of whether the Plaintiff's Notice of Removal was filed within "30 days after entry of an order terminating a stay...." *Id.*

The Advisory Committee Note accompanying Rule 9027(a)(2) provides in material part:

> As long as the stay remains in effect there is no reason to impose a time limit for removal to the bankruptcy court and, therefore, clause (B) of subdivision (a)(2) provides that a removal application may be filed within 30 days of entry of an order terminating the stay. Parties to stayed litigation will not be required to act immediately on commencement of a case under the Code to protect their right to remove.

Fed.R.Bankr.P. 9027(a)(2) advisory committee's note.

---

2. The Plaintiff, in her Notice of Removal filed on October 20, 1998, recites that on "October 15, 1997[, the Plaintiff] again amended her complaint." The record received from the Knox County Circuit Court does not, however, establish that the court granted the Plaintiff's October 15, 1997 Motion to Amend.

3. Section 362(a) provides in material part at subsection (1) that the filing of a bankruptcy petition stays the "continuation ... of a judicial ... proceeding against the debtor that was ... commenced before the commencement of the case...." 11 U.S.C.A. § 362(a) (West 1993 & Supp.1998).

### III

The issue before the court is whether the August 6, 1998 order by which the Debtors were granted their discharge constitutes "an order terminating a stay ... under § 362 of the Code." The Plaintiff contends that it does not. The court finds no reported case on the subject.

Bankruptcy Code § 362 provides in material part:

(c) Except as provided in subsections (d), (e), and (f) [inapplicable herein] of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual ... the time a discharge is granted or denied.

11 U.S.C.A. § 362(c) (West 1993).

As material to the present Motion, § 362(c)(2) provides that the automatic stay remains in effect until the discharge is granted or denied. *See Riggs Nat'l Bank of Washington, D.C. v. Perry (In re Perry)*, 729 F.2d 982, 986 (4th Cir.1984). The Debtors were granted their discharge pursuant to the order of the court entered on August 6, 1998, entitled "Discharge of Debtor." As mandated by § 362(c)(2), the automatic stay of § 362(a)(1) terminated on that date.[4]

Although the discharge order is not the traditional method by which relief from the automatic stay is obtained, the result is the same as if an order terminating the stay had been entered upon motion of a party in interest.[5] Code § 727 provides that this court

must grant a discharge to a Chapter 7 debtor unless one or more of the grounds for denial of a discharge enumerated in § 727(a)(1)–(10) are proven to exist. *See* 11 U.S.C.A. § 727(a) (West 1993). Procedurally, FED. R.BANKR.P. 4004(c) provides in material part that "[i]n a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge ... the court shall forthwith grant the discharge...." Rule 4004(e) requires that the discharge be granted pursuant to "[a]n order of discharge." FED. R.BANKR.P. 4004(e).

Clearly, an order of discharge terminates the automatic stay, albeit by operation of law, just as effectively as an order granting a motion for relief from the stay. The drafters of Rule 9027 did not limit application of subsection (a)(2) of that rule to stay termination orders entered exclusively on grounds enumerated under § 362(d). Furthermore, under the Plaintiff's interpretation, Rule 9027(a) would have a drastically different application depending upon the method used to terminate the stay. Where termination resulted from an order expressly granting relief from the stay, the Plaintiff would impose the rule's thirty day limitation. However, where an order granting the discharge terminated the stay, the Plaintiff would impose no limitation. The court does not construe Rule 9027(a) in this manner. Rather, because both types of order result in termination of the automatic stay, the language of Rule 9027(a)(2) applies equally to each type of order. The language of the Rule does not lend itself to any other construction.

For the above reasons, the court finds that the Plaintiff's Notice of Removal was not timely filed. The automatic stay was terminated as to the Plaintiff's Knox County Circuit Court action on August 6, 1998, the date the Debtors received their discharge. The Plaintiff was required to remove her action

---

4. Although the stay is terminated, once a debtor receives a discharge the stay is replaced by a permanent injunction under § 524(a) which "operates ... against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor...." 11 U.S.C.A. § 524(a)(2) (West 1993).

5. Code § 362(d) provides for relief from the stay on grounds enumerated in subsections (d)(1) and (2) "[o]n request of a party in interest." 11 U.S.C.A. § 362(d) (West 1993). Bankruptcy Rule 4001(a) requires that "request" to be by a motion. *See* FED.R.BANKR.P. 4001(a).

to this court by September 5, 1998. She filed the Notice of Removal on October 20, 1998.

The court is aware that, notwithstanding that the Plaintiff's claim in state court is not stayed under § 362(a), continued prosecution of her claim against the Debtors is enjoined under 11 U.S.C.A. § 524(a)(2) (West 1993).[6] The court, however, on its own motion, will allow the Plaintiff to proceed with her action against the Debtors to judgment but no further.[7] *See* 11 U.S.C.A. § 105(a) (West 1993).

An order consistent with this Memorandum will be entered.[8]

---

**6.** *See supra* note 4.

**7.** There is presently pending in this court a non-dischargeability action filed by the Plaintiff against the Defendants Robert K. Lawson and Melissa R. Lawson grounded on allegations identical to those raised by the Plaintiff in her Knox County Circuit Court action. To allow the Plaintiff to proceed to judgment against the Debtors in the state court action should avoid the necessity of an identical trial before this court. Once judgment is entered in the state court, collateral estoppel principles should govern whether that judgment is excepted from discharge. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991).

**8.** Resolution of the timeliness issue makes it unnecessary for the court to consider the jurisdictional and "equitable" grounds relied upon by the Defendants in their Motion to support remand.